## BUTLER v. WILLIAMS.

1. The personal representative of a deceased mortgagor is not a necessary party to an action to foreclose the mortgage. The demand for judgment for deficiency does not affect the question, as the prayer for relief constitutes no part of the complaint.
2. Where a mortgagor assigned all of his estate to an assignee for the benefit of his creditors, and then died, his heirs-at-law are not necessary parties to an action of foreclosure.

Before HUDSON, J., Charleston, March, 1887.

This was an action by the executor of Hannah Enston against the heirs of Daniel H. Silcox and others. The opinion states the case.

*Messrs. T. M. Mordecai* and *Smythe & Lee,* for appellants.

*Messrs. Hayne & Ficken,* contra.

July 19, 1887. The opinion of the court was delivered by

MR. JUSTICE McIVER. This action was originally commenced by Hannah Enston for the purpose of foreclosing two several mortgages on real estate against Daniel S. Silcox in his own right and as administrator of his late father, Daniel H. Silcox, and the other heirs-at-law of said Daniel H. Silcox. In the complaint it was alleged that the said Daniel H. Silcox, being indebted by his bond to the said Hannah Enston in the sum of ten thousand dollars, executed a mortgage to her for the purpose of securing the payment of said bond, on two lots in the city of Charleston—one on Franklin street and the other on King street; that subsequently the said Daniel S. Silcox executed his mortgage to the said Hannah Enston on a certain lot in the city of Charleston, on Archdale street, to secure the payment of the same bond, and that in consideration of this last mentioned mortgage, the said Hannah Enston released the lien of the first mentioned mortgage on the lot on King street. The complaint also alleged the death of Daniel H. Silcox, upon whose estate the said Daniel S. Silcox had duly administered, and that he, together with the other parties named as defendants in the original complaint, were the heirs-at-law of said Daniel H. Silcox, and demanded judgment for the foreclosure and sale of the two mortgages—the one on the Franklin street lot, executed by D. H. Silcox, and the other on the Archdale street, executed by D. S. Silcox, and also that D. S. Silcox, as administrator of D. H. Silcox, might be adjudged to pay any deficiency that may remain due on the mortgage debt after the proceeds of the sale of the mortgaged premises shall have been applied thereto. The said Daniel S. Silcox answered this complaint, admitting the allegations thereof, except that the amount due on the mortgage debt had been reduced by a large payment made by him subsequent to the commencement of the action.

After the commencement of this action, and after the filing of the notice of *lis pendens*, the said Daniel S. Silcox executed a deed of assignment whereby he conveyed and transferred his entire estate, both real and personal, to Daniel S. Silcox, jr., in trust for the benefit of his creditors, and soon thereafter the said Daniel S. Silcox died intestate, and letters of administration upon his estate were duly granted to his widow, Carrie O. Silcox.

Thereupon a supplemental complaint was filed against the surviving defendants in the original complaint, and against Daniel S. Silcox, jr., as assignee of Daniel S. Silcox, deceased, and Carrie O. Silcox, as widow and administratrix of the said Daniel S. Silcox, deceased. To this supplemental complaint the said Carrie O. Silcox, as widow and administratrix as aforesaid, and the said Daniel S. Silcox, jr., as assignee as aforesaid, demurred upon two grounds : 1st. Because there is no legal representative of the estate of Daniel H. Silcox, deceased, a party defendant to the action. 2d. Because the heirs-at-law of Daniel S. Silcox, deceased, are not parties defendants. Pending the action Hannah Enston died, and the action has been continued in the name of the plaintiff as her executor. The Circuit Judge overruled the demurrers, and this is an appeal from his ruling in that respect.

The first ground raises the question whether the personal representative of a deceased mortgagor of real estate is a *necessary* party to an action to foreclose such mortgage. The authorities clearly show that when the mortgagee will be satisfied with only the partial relief afforded by a foreclosure and sale of the mortgaged premises, and does not claim a judgment for any deficiency that may remain unpaid after the application of the proceeds of the sale of the mortgaged premises, the personal representative is not a *necessary* party. In *Story Eq. Plead.*, sec. 175, the author, after alluding to the doctrine that "a Court of Equity delights to do complete justice, and not by halves," says : "Notwithstanding the apparent reasonableness of this doctrine, it is not a little remarkable that Courts of Equity have refused to act upon it, where a mortgagee brings a bill to foreclose the mortgage against the heir of the mortgagor ; for in such a case it has been held that although the mortgage is primarily a debt, charged upon the personal assets, yet it is not necessary to make the personal representative of the mortgagor a party. For it is said the mortgagor is not in any way bound to intermeddle with the personal estate, or to run into an account thereof; and if the heir would have the benefit of having the personal estate applied in exoneration of the real, he must enforce that right by filing a bill." This doctrine is still more emphatically asserted by the

same author in the subsequent discussion of the subject in section 196.

The same doctrine is fully recognized in *Pomeroy Rem.*, sections 336–7, and by our own cases, both before and since the adoption of the code. *Wright* v. *Eaves*, 10 *Rich. Eq.*, 582 ; *Bryce* v. *Bowers*, 11 *Rich. Eq.*, 41 ; and *Trapier* v. *Waldo*, 16 *S. C.*, 276. The inference sought to be drawn by the counsel for the appellant from some of the language used in the case last cited, that the heirs of the mortgagor may, *by demurrer*, require the plaintiff to bring in the personal representative of the deceased mortgagor as a party defendant, cannot be sustained. In that case the question was whether a purchaser at a foreclosure sale could refuse to comply upon the ground that the personal representative of the deceased mortgagor had not been made a party to the action for foreclosure. That, of course, involved the inquiry whether such personal representative was a *necessary* party ; for if he was, then the purchaser would be justified in refusing to comply, otherwise he would not. The decision was, that he was not a *necessary* party—the language in which it was announced being as follows : "Whilst the practice in the foreclosure of mortgages, above indicated, is the proper one, and especially useful for the mortgagee, as giving him complete justice, is he obliged to conform to it on pain of invalidating the whole proceeding, even as to the sale of the mortgaged premises? Would not the proceeding be maintainable, at least to carry title to the land, if, giving up the remainder of his debt, he should go for a strict foreclosure on the land alone ? *In such case the personal representative of the mortgagor would not be a necessary party.*"

Then follows the language relied upon by counsel for appellant as follows : "We can very well see how such a proceeding might fail to afford full remedy to the mortgage creditor, and how the heirs of the mortgagor, having the right to push the debts over on the personalty, might object to it ; but if neither creditors nor heirs made objection, we do not see how the purchaser of the land could do so." It is very manifest that this language was not designed to convey the idea, or even to intimate, that the personal representative was a *necessary* party to an action for strict

foreclosure, and where no judgment for the deficiency was asked for. On the contrary, such an idea is distinctly, and in express terms, negatived by the language italicized by us in the foregoing quotation. Its purpose, manifestly, was simply to intimate that the heirs might, by *proper proceedings,* and upon a proper showing, require the personal representative to be brought in, but not that his absence would constitute ground for *demurrer* for defect of parties. It is clear that a demurrer on that ground can only be sustained where there is a deficiency of *necessary,* not *proper* parties merely; for the demurrer is necessarily based upon the idea that the court cannot proceed to render *any* decree because of the absence of some party necessary to the validity of such decree. But where the person not brought before the court is merely a *proper,* but not a *necessary,* party, there is no ground for a demurrer for defect of parties. All the authorities show that while the personal representative of the deceased mortgagor is a *proper* party to an action for foreclosure of a mortgage of real estate, and, if a decree for the deficiency is desired, should be made a party; yet, as he is not a *necessary* party, his absence does not preclude the court from proceeding to render a decree for foreclosure and sale.

It is urged, however, that in the complaint there is a demand for judgment for the deficiency, and therefore the personal representative of the deceased mortgagor was a necessary party. But, when it is remembered that the demand for relief constitutes no part of the complaint (*Balle* v. *Moseley,* 13 *S. C.,* 439), we do not see how this can affect the question. The court renders judgment appropriate to the case made by the complaint and established by the proofs, without regard to the prayer for relief, and when the case so made is such as to entitle the plaintiff to any relief, we do not see how a demurrer could be sustained.

We think it clear, therefore, that the first ground of demurrer cannot be sustained.

As to the second ground, much of what has already been said applies to this. It will only be necessary, therefore, to cite a few authorities to show that the heirs at law of the deceased mortgagor, Daniel S. Silcox, were not necessary parties, inasmuch as he had, during his life-time, "assigned all of his estate, both real

and personal, for the benefit of his creditors, to the defendant, Daniel S. Silcox, jr." See *Story Eq. Pl.*, § 197; *Pom. Rem.*, § 336; *Wright* v. *Eaves*, 10 *Rich. Eq.*, 582, and *Bryce* v. *Bowers*, 11 *Id.*, 41. The suggestion that it does not appear whether the assignment by Daniel S. Silcox to Daniel S. Silcox, jr., was of the life-estate only of the former or of the fee, besides being based solely on conjecture, is inconsistent with the facts stated in the complaint, which, upon demurrer, are to be taken as true. It is there stated that Daniel S. Silcox assigned "*all* of his estate," and if that was so, there could be nothing left to descend to his heirs at his death, and they were, therefore, not necessary parties, as it does not appear from the pleadings that, at the time the action was commenced or at the time of the filing of the supplemental complaint, they, either as heirs of their deceased father, or otherwise, had any title to or interest in the mortgaged premises. If, in fact, they did have such title or interest, it was incumbent on the appellants to make it appear, and this could not be done by demurrer.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.