## McMAKIN *v.* FOWLER.

1. Immaterial Question.—Where a Circuit Judge ruled that he was bound by a previous ruling of another Circuit Judge in the same cause, and that moreover he thought such prior ruling was correct and himself ruled accordingly, whether he erred as to the effect of the former ruling is an immaterial question.

2. Res Judicata—Evidence of Former Issues.—Where a complaint alleged two agreements by defendant with plaintiff to deliver a specified quantity of brick at dates then past, and further alleged three other agreements for further delivery at dates then in the future, all of which were alleged to have constituted the consideration of a sale of a brickyard, and demanded judgment for the value of all the brick so promised, the record in that case leaves it doubtful whether the three other agreements were involved in that action, and therefore in a subsequent action upon these three other agreements after their maturity, parol evidence is admissible to prove what were the issues submitted to the jury in the former action and therefore included in that verdict, and as to that alone is the former judgment conclusive.

3. Construction of Pleadings.—There was nothing in the former complaint which would warrant the construction that the action was for recission of contract and for the recovery of the property sold or its value.

4. The Demand for Relief in a complaint constitutes no part of the cause of action and cannot give character to it.

Before Izlar, J., Spartanburg, March, 1890.

This was an action by James McMakin against W. D. Fowler, commenced February 16, 1888. The opinion states the case.

*Messrs. Nicholls & Moore*, for appellant, contended that the record in the former action contained no ambiguities and therefore must speak for itself, and parol evidence was inadmissible to show that issues raised by the pleadings were not in fact adjudicated; and *cited* Herm. Estop., §§ 111, 115, 121, 107, 108; 17 S. C.. 40, 189, 202; 19 *Id.*, 159, 251; Freem. Judg., §§.272, 273, 274; 1 Rich., 478; 6 Wait. Act. & Def., 786.

*Messrs. Duncan & Sanders* and *Carlisle & Hydrick*, contra.

August 11, 1891. The opinion of the court was delivered by

Mr. Justice McIver. On the 6th day of November, 1884, the defendant executed five obligations in the form of promissory notes, whereby he promised "to pay" to the plaintiff good brick in the kiln at McMakin's brick yard as follows, to wit, 100,000 on the 1st May, 1885, the same number on 1st October, 1885, the same number on 1st May, 1886, the same number on the 1st October, 1886, and fifty thousand on the 1st October, 1887. These obligations, though lacking one of the essential features of a promissory note, will, for convenience merely, be designated as notes in the further consideration of this case. On.or about the 10th of February, 1886, after the first two of these notes had matured, and before the remaining three had become payable, the plaintiff commenced an action against the defendant, alleging in his complaint, *first*, the making of the two notes set out in the complaint by the defendant. *Second.* "That the consideration of said contract was the sale by the plaintiff to the defendant of certain personal property of the value of two thousand and fifty-five dollars." *Third.* "That at the time the defendant gave to the plaintiff three other contracts of a similar character, which make up the amount of the purchase money." *Fourth.* "That the value of the said brick is five dollars per thousand." *Fifth.* "That the plaintiff has delivered to the defendant the property

aforesaid, and the defendant has refused, although often request-
ed so to do, to deliver to the plaintiff the brick mentioned in the
contract aforesaid." *Sixth.* "That in consequence of the failure
of the defendant to perform his part of the contract, the plaintiff
has been damaged in the sum of two thousand and fifty-five dol-
lars." Wherefore judgment was demanded for that sum, besides
costs and disbursements.

To this complaint defendant answered, setting out specifically
the terms of the trade with the plaintiff, whereby plaintiff sold
to the defendant his brick yard, and also the engine, brick ma-
chine, and other machinery and tools used there in the making
of brick, under the representation that the clay was ten feet thick
over all of the land, and that said engine and machinery were as
good as new; that in consideration thereof he gave to plaintiff
the two notes set out in the complaint, and also the other three
notes mentioned in the foregoing statement, "it being well un-
derstood that the brick therein referred to was unburnt brick."
But alleging that by reason of the delay in putting him in pos-
session of the brick yard, and by reason of the failure of the pro-
perty purchased to come up to the terms of the warranty, he had
sustained damages for which he set up a counter-claim. He also
alleged that ever since he obtained possession of the brick yard,
he was always ready to deliver the brick according to the con-
tract, as he claimed it to have been understood by both parties,
but that plaintiff refused to receive anything but burned brick.
To this answer, or so much thereof as set up a counter-claim,
plaintiff filed a reply, denying each and every allegation upon
which such claim was based. The case being thus at issue, came
on for trial before his honor, Judge Wallace, and a jury on the
27th of March, 1888, when a verdict was rendered in favor of
plaintiff for eleven hundred and eighty-six 07–100 dollars, upon
which judgment was duly entered.

In the meantime, the other three notes having matured, the
present action was commenced on the 16th of February, 1888, a
short time before the previous case was tried, and in his com-
plaint the plaintiff alleges as his first cause of action the making
for valuable consideration by the defendant of the obligation
(which for convenience we designate as a note) payable 1st Octo-

ber, 1886, setting out a copy thereof, and that defendant, although often requested so to do, has refused and neglected to deliver to the plaintiff the brick mentioned in said contract, to the damage of the plaintiff seven hundred dollars; and as a second and third cause of action, sets out the other two notes with similar allegations, and demands judgment for the aggregate sum of these three notes. To this complaint the defendant answered, admitting the execution of the three notes set out in the complaint, but denying each and every other allegation therein contained. As a further defence, he pleads the judgment recovered in a former action as a bar to this. From the fact that the plea is a former recovery, and not the pendency of another action for the same cause, we infer that, although the present action was commenced before the recovery of judgment in the previous case, the answer was filed after such judgment was recovered; and while it is possible that a point might be raised as to whether the plea should not have been pendency of another action rather than of a former recovery, yet as no such point was suggested, and as it would be purely technical, we will ignore it altogether in the consideration of the present appeal.

The case first came on for hearing before his honor, Judge Hudson, when the counsel for defendant moved to dismiss the complaint upon the ground that the matters now sought to be brought in issue were *res judicata*, as shown by the record of the former case, filed as an exhibit to the answer in this case. Thereupon plaintiff's counsel asked leave to introduce parol testimony for the purpose of showing that the issues involved in the present action were not submitted to the jury in the former action, reading from the stenographic notes of the charge of Judge Wallace in the former case, wherein it appeared "that at the request of the attorney for the defendant, on the trial of that action, 'the jury were instructed that only two of the contracts mentioned in the complaint in that action, to wit, those that were due at the time of the commencement of that action were in issue and were submitted to them.'" After hearing argument, an order was passed. sustaining the plea of former recovery and dismissing the complaint herein. But during the same term, the matter was, at the request of Judge Hudson, reconsidered and after

more full argument, another order was passed rescinding the previous order, restoring the case to the docket, "and that the plaintiff have leave to introduce testimony to show what issues were submitted to the jury" on the trial of the former action. To this order defendant duly excepted, for the purpose of an appeal after final judgment was rendered.

The case was then continued, as we suppose, and at a subsequent term came on for trial before his honor, Judge Izlar, and a jury, when a similar motion to that presented to Judge Hudson was submitted, which was overruled by Judge Izlar upon two grounds : 1st. Because he had no right to review or disregard the order of Judge Hudson. 2nd. Because, even if the matter were *res integra*, he thought the plaintiff was entitled to show by parol what were the issues submitted to and passed upon by the jury in the former action. Accordingly the testimony of Judge Wallace, which is set out in the "Case," was received against the objections of defendant. From that testimony it is very clear that the issues in the present action were neither submitted to nor passed upon by the jury in the former trial. On the contrary, the judge not only says : "Only the two agreements above referred to were involved in the trial of that action and submitted to the jury," but he adds, "In the course of the trial it was developed that there were other instruments in relation to the same contract between the parties, but they had not matured at the time of the commencement of that action. I instructed that they were only to pass upon the two instruments above described, and that these latter were not to be considered by them." And further, in reference to the counter-claim, "the defendant requested that the jury should be charged that only the matured agreements upon which the action had been brought could be set off against this counter-claim, and they were so charged."

The plaintiff having recovered a verdict, defendant appeals from the judgment entered thereon, upon the grounds set out in the record. These grounds really raise but three questions : 1st. Whether his honor, Judge Izlar, erred in holding that he was bound by the order of his honor, Judge Hudson. 2nd. Whether there was error in overruling the plea in bar ; and this involves the question, 3rd. Whether it was competent to show by parol

evidence what were the issues really submitted to and determined by the jury in the former action. Under the view which we take of the second and third questions, the first question becomes wholly immaterial. If the plea in bar was properly overruled, then, of course, it matters not what may have been the reasons assigned by Judge Izlar for his ruling; for even if he erred in holding that he was bound by the order of his predecessor (which, however, we are not to be understood as saying), yet if he was right in admitting the parol evidence objected to, and holding that the plea of a former recovery could not be sustained under that evidence, it is of no consequence that he assigned an additional reason for his ruling, which possibly might not have been well founded. Indeed, there is but one real question in the case, and that is whether the parol evidence of Judge Wallace was admissible; for if it was, there could not be a question that the issues in the present action were not submitted to or decided in the former action; but, on the contrary, they were expressly withdrawn from the jury; and that, too, *at the request of defendant*, and the jury were distinctly instructed that they could only consider and pass upon the two notes which had matured, which are in no way involved in the present action.

We proceed, then, to consider the question whether parol evidence was admissible in this case to show what were the issues passed upon in the former action. While it is undoubtedly true that a verdict with the judgment entered thereon is conclusive, so far as the parties to the record and their privies are concerned, as to all matters or issues decided by it, yet the question often arises as to what issues were decided, and when this is the case, while we must look primarily to the pleadings to ascertain what were the issues thereby made and decided, yet they are not necessarily conclusive; for, as is said by Evans, J., in *Henderson* v. *Kenner* (1 Rich., at page 479), "If these (the pleadings) make single questions, to which the verdict directly applies, then the parties are concluded, and the same matter can never, as between them, be inquired into again." But on the same page he adds, "Where the pleadings are general, and there is more than a single proposition to be decided, and the verdict may be equally applied to both or all, in such

case a verdict has not that conclusiveness which belongs to it when applied to a single proposition stated in the pleadings." And on the next page that eminent judge states, as the rule resulting from all the authorities on the subject, "that where the pleadings present two distinct propositions and the verdict may be referred to either, it is inconclusive because there is no precise issue made by the pleadings, and the verdict wants that certainty which is necessary to give it the effect of an estoppel. In such case, as the jury may have decided on both questions, the verdict is *prima facie* evidence, but it is not conclusive, and may be rebutted by evidence *aliunde.* Such evidence is not resorted to, to contradict or explain the verdict by any direct evidence of intention; but to give it application by showing what were the facts to which it applied and upon which the jury passed in rendering it. There are many cases in which parol and extrinsic evidence may be resorted to to show the effect of a verdict." And he cites the case of *Seddon* v. *Tutop* (6 T. R., 607), in which the plaintiff sued on a note and an open account, and failing to give any evidence to prove the account, took a verdict for the amount of the note only. In a subsequent action on the account it was held that the record in the former action was not conclusive; and as the fact that no evidence was offered to prove the account in the former action, and therefore that the jury did not pass upon it, could not appear from the record, it might be shown by parol.

The rule as established by this case from which we have so liberally quoted, is fully sustained by the authorities here and elsewhere. See *Shettlesworth* v. *Hughey* (9 Rich., 387), where the parol evidence adduced to show what was the issue passed upon in the former action was very much like that resorted to in the present case, and the case of *Henderson* v. *Kenner* was distinctly recognized as authority for the admissibility of such testimony. See also *Hart* v. *Bates*, 17 S. C., 35 ; *Ex parte Roberts*, 19 *Id.*, 150, where the same doctrine is recognized. In *Eason* v. *Miller & Kelley* (15 S. C., 194), though that case is not directly in point, the right to resort to the charge of the judge to ascertain what issues were submitted to and passed upon by the jury, was distinctly recognized. The same doctrine was recognized else-

where, as may be seen by reference to the following cases, with the authorities therein cited : *The Washington, Alexandria & Georgetown Steam Packet Company* v. *Sickles,* 24 How., 333 ; *Davis* v. *Brown,* 94 U. S., 423 ; *Russell* v. *Place, Ibid.,* 606 ; *Campbell* v. *Rankin,* 99 *Id.,* 261 ; *Cromwell* v. *County of Sac,* 94 *Id.,* 351 ; *Bissell* v. *Spring Valley Township,* 124 *Id.,* 225.

It being thus settled that there are cases in which parol or extrinsic evidence may be resorted to for the purpose of showing what were the issues determined in a former action, it only remains to determine whether the present case falls under that class.  It seems to us that the bare inspection of the pleadings is sufficient to show that the issues presented by the pleadings in the two actions were not the same ; and if so, then it is conceded that the plea in bar was properly overruled.  In the former case the two notes which had matured at the time of the commencement of that action are set out as the plaintiff's cause of action, and the mere fact that the other three notes, which had not then matured, are casually mentioned as going to make up the amount of the purchase money of the property for which the two notes actually sued upon were given in part of such amount, does not warrant the inference that the three notes which had not then matured, and which therefore were not then suable, except under the special provisions of the statute, which should have been set forth, if the purpose was to embrace them in that action, constituted any part of the cause of action in the former case.  *Anderson* v. *Pilgram,* 30 S. C., 499.  So that we are not prepared to admit that the record in the former action of itself is sufficient to show that the issues presented by the complaint in the present action were the same as those presented by the former complaint, or were even necessarily involved therein. But under the authorities above cited, it is quite sufficient to show that the record relied on as a bar leaves it doubtful as to what issues were therein determined.

The contention of the appellant, that the former action may and should be regarded as an action to rescind the original contract for the sale of the property and to recover the property sold or its value from the defendant, upon the ground that he had failed to comply with his part of the

original contract, cannot be sustained. It seems to us that the original complaint is conspicuously wanting in the necessary allegations for that purpose. On the contrary, the allegations of the complaint, as well as the answer, in the first action show that the defendant had fully complied with the terms of the original contract for the sale of the property. The sale of the property was on a credit, and in compliance with the terms of the sale the defendant had executed the obligations to the plaintiff stipulated for and had received possession of the property.

So that the only ground of complaint which the plaintiff had or could have had against the defendant was his failure to meet those obligations as they became due; and this, as we understand it, was the only demand made upon the defendant in the former action, and did not and could not involve any demand for a failure to meet obligations which had not then matured. The fact that the plaintiff demanded, in his previous complaint, damages to an amount much larger than those which would have ensued from the breach of the first two contracts (the only ones which had then matured), which amount seems to have been very nearly the same as the amount of the purchase money of the property sold, is of no consequence whatever; for nothing is better settled than that the demand for relief constitutes no part of the cause of action, and cannot give character to it. *Balie* v. *Moseley*, 13 S. C., 439; *Levi* v. *Leg, & Bell*, 23 *Id.*, 282.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.