LASSITER v. OKEETEE CLUB.

1. REAL PROPERTY.—NONSUIT was properly refused, because there was evidence of possession by plaintiffs and their grantors under color of title for more than twenty years.
2. IBID.—HARMLESS ERROR—PARTIES.—It is not prejudicial to defendant in action for possession of land to instruct jury that any verdict they might find in the case would not affect rights of persons not parties.
3. IBID.—PLEADINGS.—Demand for damages for cutting timber held sufficiently pleaded, and damages for withholding possession need not be specifically alleged.
4. NEW TRIAL.—This Court in a law case cannot review findings below as to sufficiency of evidence.

Before ALDRICH, J., Beaufort, January term, 1904.    Affirmed.

Action by J. R. Lassiter *et al. vs.* Okeetee Club and J. B. Bostick.    From judgment for plaintiff, defendants appeal.

*Messrs. W. N. Heyward* and *A. McIver Bostick,* for appellants.    *Mr. Bostick* cites: *Deed of marshal insufficient:* 14 S. C., 480.    *All claims must be pleaded:* Code of Proc., 1902, 188.

*Messrs. B. A. Hagood* and *W. A. Holman, contra,* cite: *Nonsuit is not proper unless there be a total failure of testimony to establish plaintiff's claim:* 66 S. C., 520; 33 S. C., 238; 31 S. C., 125; 26 S. C., 244.    *Twenty years possession under color of title will presume a grant:* 40 S. C., 179; 2

Mill Con. R., 425; 14 S. C., 552; 2 Strob. L., 141. *Ten years adverse possession gives title against persons not under disability:* 50 S. C., 293; 39 S. C., 14; 45 S. C., 312. *One not party to action is not affected by judgment:* 17 S. C., 35. *Damages necessarily follow from unlawful withholding possession of land from rightful owner, and was sufficient to ask for it in prayer:* 23 S. C., 285; 42 S. C., 81; 63 S. C., 162; 66 S. C., 384; 65 S. C., 284; 2 Bail. L., 215.

November 10, 1904. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This action was begun on         day of October, 1901. Its object was the recovery by the plaintiff of the defendant, Okeetee Club, the 1,500 acres of land described in the complaint as the tract of land known as "The New River Rice Plantation" or "The Guerard Plantation." The defendant, J. B. Bostick, it was alleged, was the agent of the Okeetee Club in charge of that plantation. The complaint described the land as being embraced in a plat thereof made by John Norton, deputy surveyor, bearing date the 30th of April, 1837, and lying in Beaufort County, in this State.

The action came on for trial before Judge Aldrich and a jury. After the testimony offered by plaintiff was closed, the defendant moved for a nonsuit. The Circuit Judge held that there was some testimony, and refused the nonsuit. The defendants excepted and then offered their testimony. The verdict of the jury was for the plaintiffs for the land sued for and $250 damages. After entry of judgment the defendants appealed on the following grounds:

"I. That the presiding Judge erred in refusing the motion for a nonsuit and in holding and deciding that color of title in plaintiffs was supported by some testimony as to possession; whereas, he should have held that plaintiffs had failed to show chain of title back to the State or for twenty years to presume a grant, and that there was no evidence of possession sufficient to presume title or any right of possession in

plaintiffs from any source whatsoever; but, on the contrary, that the evidence negatived the possession of the disputed lands by plaintiffs, by showing affirmatively that defendants were in possession of the disputed lands held by them for more than twenty years, sufficient to presume title in them.

"II. That his Honor also erred in not granting the nonsuit on the further ground, that the evidence failed to show any limits or definite location as to the portions of disputed lands held by defendants, it clearly appearing from plaintiff's testimony that considerable portions of the disputed lands were in possession of others not parties to the action and were not possessed or claimed by the defendants.

"III. That his Honor erred in charging the jury that others, not parties defendant in this action, would not be prejudiced by any verdict in this action, thus implying that a verdict might be found against the defendants for lands not in their possession nor claimed by them, which instruction tended to mislead the jury to the prejudice of defendants.

"IV. That his Honor erred in admitting testimony as to damage from cutting timber, there being no allegation as to any amount of damage in plaintiff's complaint, and, therefore, no cause of action stated for such damage.

"V. That his Honor erred in submitting to the jury the matter of damage for cutting, selling and appropriating proceeds of timber, in the absence, not only of such issue raised by the pleadings, but also of any evidence upon which a verdict for damages could be based.

"VI. That his Honor erred in submitting to the jury the question of damage for detention of lands, and in charging them, that should they find that plaintiffs were entitled to recover the lands described in the complaint, or any part thereof, they might also find damages for the detention of said lands, such as annual rentals, use, &c., in the total absence of any such issue in the pleadings and of any evidence whatsoever to support such a verdict.

"VII. That the verdict of the jury and the judgment thereon was erroneous and unsupported by testimony; in

that the uncontradicted testimony of both plaintiffs and defendants showed that a very considerable portion of the lands recovered in said judgment was never in possession of defendants nor claimed by them, and further, in that there was nothing either in the pleadings or the evidence to support a judgment for damages of any kind from any source whatsoever."

1 and 2. We will first pass upon the first and second grounds of appeal, relating as they do to motion for nonsuit. The language of counsel in making their motion for nonsuit was as follows: "Mr. Bostick: We ask for a nonsuit on the ground that the plaintiffs have not made out title and have not shown any facts from which title can be presumed. Further, they have not defined our possession, and that is material. They have to show that we are in possession of and withholding their land."

After argument, the Judge held as follows: "The Court: The question is whether the color of title is supported by any testimony as to possession, and I think it is; I will have to overrule the motion." It must always be kept in mind that in a law case, as contradistinguished from a case in chancery, the Supreme Court is not allowed to pass upon disputed questions of fact. We cannot for a moment entertain a discussion of the weight of testimony. All this Court is allowed to do on questions of nonsuit is to search the record to see if any material testimony exists. Now, in the case at bar, it appears in the testimony that one John Bell Guerard held in his possession this tract of land in controversy. The whole of said Guerard's New River rice plantation contained 600 acres, and that one John Norton, deputy surveyor, made a plat of these lands in the year 1837, and that this identical plat of this land was in the possession of John Bell Guerard in 1837, and that his son, George Henry Guerard, died *intestate,* in 1855, survived by his widow, Mrs. Guerard, and his five children, Sophie Guerard, Alice Guerard, William C. Guerard, George Henry Guerard and Mrs. Louisa C. Heyward; of these the

widow, Mrs. Guerard, died intestate in 1858, and the
daughter, Sophie Guerard, during the war between the
States (1861-1865), unmarried, intestate; so that in the
year 1865 the surviving children held title to this land. In
1881, these lands were purchased by H. M. Comer & Co.,
they receiving deed from all the surviving children of George
Henry Guerard, who died in the year 1855, and also re-
ceived the plat made by John Norton, deputy surveyor, in
1837. Henry M. Comer & Co. held the land until 1899,
when they conveyed the same by deed to the plaintiffs and
turned over to the plaintiffs their deeds, and the plat of this
"New River Rice Plantation" or "Guerard Plantation,"
made by John Norton, as deputy surveyor, in the year 1837.
All the records of Beaufort County were destroyed by the
Union forces prior to 16th February, 1865. It was also tes-
tified that the defendants ousted the agent and servants of
plaintiffs from some of the land in dispute. It was also
testified that the defendant cut some six or seven pine trees
on the lands of plaintiffs. Such being the testimony, al-
though the defendants offered testimony to disprove the
same, the Circuit Judge did not err when he refused to grant
the nonsuit, because the Guerards held this land from 1855
to 1881—twenty-six years—and they were the grantors to
H. M. Comer & Co., and H. M. Comer & Co., after holding
the lands from 1881 to the year 1899, a period of eighteen
years, conveyed by deed to the plaintiffs, who now hold as
alleged owners, said lands all covered by the plat made by
John Norton, deputy surveyor, in 1837. We must, there-
fore, overrule both of these grounds of appeal.

3. We will now consider the third ground of appeal, re-
lating as it does to the charge. We do not think the charge
of the Circuit Judge is justly liable to any criticism, as here
contended. It is always the duty of a trial Judge to
keep the minds of the jury free from any possible
bias arising from the absence of parties whose rights
it was barely possible the jury might feel were endangered
while not parties to the action. This was what the Circuit

Judge tried to guard against, and we do not see how the defendants were injured thereby. This ground of appeal is dismissed:

4 and 5. It seems that the plaintiff in his complaint alleged as follows: "Fifth. That the defendant, the Okeetee Club, had, from time to time, since the 21st day of November, 1899, and while in possession of said land, cut and sold from same large numbers of trees and appropriated the proceeds from the sale thereof to their own use and benefit.

"Wherefore, the plaintiffs demand judgment against the defendants: 1. For the possession of said premises. 2. For $1,500, the plaintiff's damages by withholding of the same, together with the costs."

In the body of their complaint, the plaintiffs have alleged that the defendant cut and sold from same a number of large trees and appropriated the proceeds from the sale thereof to their own use and profit. In the case of *Mosley* ads. *Balle,* 13 S. C., 439, this Court has held that the omission of a prayer for relief in the complaint does not make it demurrable. In the case just cited, it is held that "demand for relief is not part of the cause of action. Pom. on Rem., section 580." If such be the law, then objection cannot be sustained as here made. These exceptions are overruled.

6. The complaint sets out the wrongs which the plaintiffs demand should be redressed by the defendants. Testimony was received on the issues set out in the complaint. The Circuit Judge stated the law controlling the same. No resersible error is involved. This ground of appeal is overruled.

7. The objections here presented relate to the sufficiency of the testimony. In a law case, we are powerless to consider them. This ground of appeal is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES JONES *and* WOODS *concur in the result.*