## 10334

### WILLIAMS v. WORKMAN.

#### (101 S. E. 833.)

1. COURTS—ACTION IN CLAIM AND DELIVERY NOT BEYOND JURISDICTIONAL AMOUNT OF COUNTY COURT.—In claim and delivery for an automobile, where the complaint alleged that by reason of defendant's fraudulent acts in obtaining possession of the car, and by its malicious detention, plaintiff had been damaged in the sum of $2,500, the case was within the jurisdiction of the County Court, limited to $3,000, despite the prayer for judgment for possession of the automobile (worth $1,250), and for damages in the sum of $2,500; the complaint, of which the prayer is no part, and the affidavit, not showing the amount claimed was in excess of $3,000.

2. PLEADING—PRAYER NOT PART OF COMPLAINT.—The prayer of the complaint is no part of the complaint.

Before WHALEY, County Judge, Richland, —— term, ——. Affirmed.

Action in claim and delivery by H. S. Williams against R. C. Workman. From judgment for plaintiff, defendant appeals.

*Messrs. DePass & DePass* and *Alfred Wallace,* for appellant, cite: *As to the question of jurisdiction:* 79 S. C. 355; 61 S. E. 202; Acts 1917, p. 256, subd. 3; 72 S. C. 32; 51 S. C. 523; 34 Cyc., p. 1437; Code of Civil Procedure, sec. 321; 19 S. C. 485; 30 S. C. 328; 9 S. E. 510; 31 Cyc. 104; 12 Enc. P. & P. 177; 5 Rich. Law 330.

*Messrs. Tompkins, Barnett & McDonald,* for respondent, cite: *As to the question of jurisdiction:* 70 S. C. 399; 72 S. C. 133; 42 S. C. 203; 20 S. E. 91; 69 S. C. 520; 71 S. C.

1; 47 S. C. 556; 25 S. E. 84; Code of Civil Procedure 1912, sec. 257; 16 S. C. 372; 13 S. C. 441 ; Pom. on Rem., par. 580, p. 630; 27 S. C. 225; 26 S. C. 309.

January 26, 1920.

The opinion of the Court was delivered by Mr. Justice Fraser.

This is an action for claim and delivery, tried in the County Court for Richland county. There is only one question in the case, and that is the question of jurisdiction. The jurisdiction of the County Court is limited to $3,000. The prayer of the complaint reads:

"Wherefore, the plaintiff demands judgment for the possession of the automobile above described, for damages in the sum of twenty-five hundred ($2,500) dollars, the costs of this action, and such other and further relief as may be just and proper."

The verdict was for the plaintiff for the possession of the car or its value, $1,250, if possession could not be had. The record further shows that on the trial of the case the plaintiff claimed that he was entitled to the possession of the automobile in question, or its value, $1,250, if it could not be had, and damages for each day it had been retained by the defendant, in the sum of $5 to $10 per day, whichever amount the jury thought proper. The record does not show the exact time of the detention, but 60 days is a liberal allowance.

The appellant contends that the plaintiff's claim was for $2,500 damages and an automobile valued at $1,250, or $3,750, so that the amount in controversy exceeded the jurisdiction of the Court by $750. There is no doubt that 1, 2 the amount in controversy at the trial was well within the jurisdiction of the County Court. The question is: Do the complaint and affidavit show that the amount claimed is in excess of, or fail to show that the case is within, the limited jurisdiction of the County Court? It shows

neither.   It needs no citation of authority to show. that the prayer of the complaint is no part of the complaint.   The complaint alleges:

"5. That by reason of the wilful, malicious, and high-handed acts of the defendant in obtaining possession of said car by fraud and misrepresentation, and the wilful and malicious detention of said automobile, thereby depriving plaintiff of the use thereof, this plaintiff has been damaged in the sum of $2,500."

In other words, the complaint alleges that the plaintiff's loss by reason of the loss of his automobile is $2,500, and that sum is within the jurisdiction of the County Court.

The exception is overruled, and the judgment is affirmed.