14400

DANIEL, ATTORNEY GENERAL, *ET AL.* v. CONESTEE MILLS

(191 S. E., 76)

January, 1937.

*Messrs. John M. Daniel, Attorney General, J. Ivey Humphrey* and *M. J. Hough, Assistant Attorneys General, Robinson & Robinson* and *Henry R. Sims,* for plaintiffs,

·*Mr. B. F. Martin,* for defendant,

April 19, 1937.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This·case is before the Court on a rule to show cause issued *ex parte* by Honorable John G. Stabler, Chief Justice, wherein plaintiffs were granted permission to institute this action in the original jurisdiction of this Court. The preamble of the order, prepared by counsel for plaintiffs (as are all *ex parte* orders), is as follows:

· "It appearing from the attached complaint that it is of prime importance to the State of South Carolina that the constitutionality of South Carolina Unemployment Act of 1936 be promptly determined, and it appearing that the issues raised by the complaint herein will properly present these issues to the Court, it is

"Ordered and adjudged   *   *   *"

A synopsis of the complaint is as follows: (1) That John M.·Daniel·is the duty elected and qualified Attorney General

of South Carolina, and is authorized to bring suit in the name of the State and to represent the State; that the other plaintiffs constitute the South Carolina Unemployment Compensation Commission, and are charged with the duty of enforcing the "South Carolina Unemployment Compensation Law"; (2) that the defendant is a corporation under the laws of the State of South Carolina, and is engaged in the manufacture of cotton goods, with its place of business within the State; (3) that the General Assembly in 1936 passed an Act, approved by the Governor June 6, 1936 (Act No. 946, 39 St. at Large, p. 1716, Acts of 1936), entitled "An Act to Provide a System of Unemployment Compensation in the State of South Carolina," and said Act is made a part of the complaint; (4) that the defendant employs a great many laborers and other classes of employees, who are eligible to become beneficiaries of the said act, and that defendant is subject to its terms and comes within the class of employers who are required to make contributions, reports, and do all other things necessary to carry out its provisions and objectives; (5) that defendant has been notified that the contributions required of it, under the terms of the Act, amount to $1,574.06, and were due and payable, and payment demanded, but defendant has refused to pay any portion thereof, or furnish the information required of it by the Act, and has instituted a suit in the United States District Court for the Eastern District of South Carolina against plaintiffs for the purpose of having said statute declared null and void, and had obtained a rule requiring plaintiffs to show cause before said Court and for an order of injunction restraining plaintiffs from enforcing said statute, pending the hearing for a permanent injunction, and that said suit is now pending in the said Court, and in said action in said Court plaintiffs were temporarily restrained from collecting, or attempting to collect, and from enforcing by notice, suit, information, any tax, contribution, penalty, forfeitures of fines as will appear by reference to suit entitled *Conestee Mills v. South Carolina Unemployment Commis-*

*sion et al.;* (6) that Conestee Mills in its complaint alleges: "8. * * * that the South Carolina Unemployment Compensation Act is null and void, in that it violates the provisions of both the State and Federal Constitutions, and alleges that the relationship between the South Carolina Act, the South Carolina Unemployment Compensation Commission, and the Federal Social Security Act (Titles III and IX [sections 301 *et seq.,* 901 *et seq.,* 42 U. S. C. A., §§ 501 *et seq.,* 1101 *et seq.*]) are so interrelated that the constitutionality of the Federal Social Security Act is involved in this litigation and the complaint of the Conestee Mills alleges the unconstitutionality of Titles III and IX of the Federal Social Security Act"; and (7) that the defendant admits the correctness of the contribution due by it under the Act, as claimed by plaintiffs, but has failed and refused to pay this contribution, and has indicated by reason of the action instituted in the United States District Court that it will not pay the same; and this action is brought for the purpose of collecting the contribution due by the defendant, and to enforce the statute hereinabove referred to, and to show cause by what authority it carries on its business without complying with the terms of the Act.

The prayer of the complaint is as follows:

"(1) For an order directed to the defendant requiring it to comply with the terms of the South Carolina Unemployment Act;

"(2) That this Court do require the defendant to make answer and return to this complaint, or to plead herein, and to show by such pleadings by what authority it refuses to pay the contributions and furnish the necessary information provided in the said Act and why it refuses to comply with its terms;

"(3) That this Court do declare the Act of the South Carolina Legislature entitled 'An Act to Provide a System of Unemployment Compensation in the State of South Carolina' constitutional and valid, and if this Court finds that Titles

III and IX of the Federal Social Security Act are involved in this proceeding this Court do declare such enactments of Congress valid;

"(4) That pursuant to the provisions of the Judicial Code, 28 U. S. C. A., § 380, that this Court do by its order restrain the plaintiffs herein from attempting to collect the contribution from the defendant during the pendency of this suit, or until further order of this Court;

"(5) For such other and further relief as plaintiffs may be entitled to in the premises."

The defendant demurred to the complaint on a multiplicity of grounds, but for the purpose of this decision, may be included in two: (1) That this Court is without jurisdiction, in that the purpose of the action is to obtain a declaratory judgment on the constitutionality of the South Carolina Unemployment Compensation Act; and (2) no facts sufficient to constitute a cause of action have been alleged.

Following the service of the motion to dismiss the complaint, and the grounds of demurrer plaintiffs gave notice of motion to amend their complaint in the following particulars, to wit: (1) By adding to Paragraph 2 thereof, "That the defendant, as plaintiffs are informed and believe, holds from the State of South Carolina a charter under and by authority of which it carries on its business"; (2) by adding to the prayer of said complaint the following additional paragraphs: "(6) That the charter of the defendant be revoked" and "(7) That the defendant be enjoined, restrained and prohibited from carrying on its business, or any part thereof, under the charter now held by it without conforming to the provisions of the South Carolina Unemployment Compensation Act."

"The Demand for Relief in a complaint constitutes no part of the cause of action and cannot give character to it." Syllabus to *McMakin v. Fowler*, 34 S. C., 281, 13 S. E., 534. See, also, *Balle v. Moseley*, 13 S. C., 439; *Williams v. Irby* 16 S. C., 371; Pom., Rem., § 580; *Butler*

*v. Williams*, 27 S. C., 221, 3 S. E., 211; *Westlake v. Farrow*, 34 S. C., 270; 13 S. E., 469; *Levi v. Legg*, 23 S. C., 282; *Lassiter v. Okeetee Club*, 70 S. C., 102, 49 S. E., 224; *Mortgage Loan Co. v. Townsend*, 156 S. C., 203, 152 S. E., 878; *Williams v. Workman*, 113 S. C., 487, 101 S. E., 833; *First Nat. Co. v. Strak*, 148 S. C., 410, 146 S. E., 240; *Atlantic Coast Lumber Corp. v. Morrison*, 152 S. C., 305, 149 S. E., 243.

It will therefore be seen that the proposed amendment (if allowed) would in nowise strengthen the complaint, since the first amendment states no more than had theretofore been stated by Paragraph 2 of the complaint, alleging that defendant is a corporation created under the laws of the State of South Carolina, and is engaged in business in this State, which presupposes that it holds from the State a charter under and by authority of which it carries on its business.

While it has been fully demonstrated that the prayer of a complaint is no part thereof, and cannot be considered in determining if a cause of action has been stated, yet we have set out above the prayer of the complaint as originally served to show that if any cause of action has been alleged other than one for a declaratory judgment (if the Courts of this State were allowed to take cognizance of such a cause of action, which they are not), it is a proceeding in mandamus, and this was apparently the theory of plaintiffs until service of the motion to dismiss and the demurrer of defendant. The fourth "prayer" was set out to show that it was at plaintiff's instance that this Court in its *ex. parte* order allowing the institution of this action in the original jurisdiction, restrained and enjoined plaintiffs from enforcing the collection of the contributions referred to in the complaint. The "Preamble" to the order obtained from the Chief Justice is set out to show that the sole purpose of this action is to have this Court pass upon the constitutionality of the Act; and that it was not even in con-

templation that an order was being sought to bring an action for the purpose of vacating or annulling the existence of a corporation, the defendant. John M. Daniel, as Attorney General, would be the only proper plaintiff if the action was for a vacation of the charter.

Section 4, Article 5, of the Constitution of 1895, is as follows: "The Supreme Court shall have power to issue writs or orders of injunction, mandamus, *quo warranto,* prohibition *certiorari, habeas corpus* and other original and remedial writs."

The plaintiffs frankly admit that although the order prayed partakes very much of the nature of a writ of mandamus, it cannot be technically classified as such a writ, the extraordinary remedy of mandamus in its pure form being directed only against officers, or against persons or corporations having some official or public nature.

But plaintiffs contend that this Court has jurisdiction by reason of the words in Section 4, Article 5, "and other original and remedial writs." However, we are not so much concerned with the jurisdiction of this Court as with whether a cause of action has been stated. It may well be as stated in plaintiff's brief that the framers of the Constitution, by adding the embracing words, "and other original and remedial writs," intended to grant to the Supreme Court the right to take original jurisdiction of such matters as might in emergencies and in protection of the public interest be more properly determined in the original jurisdiction than relegated to the equity calendars of lower Courts with the attendant delay before final determination. And the case of *King, as Insurance Commissioner, v. Aetna Ins. Co.,* 168 S. C., 84, 167 S. E., 12, is authority for the jurisdiction of this Court. But the matter now confronting the Court is one strictly of substance.

The Act in question is of great public interest, and its constitutionality should be passed upon at the first opportunity permissible, but until a cause of action is pleaded, or until the General Assembly sees fit to allow the

Courts of this State to make declaratory judgments other than as is now provided by Section 660 of the Code of 1932, which limits declaratory judgments to the construction of a deed, a will, or written contract, this Court and the Circuit Court are powerless. It may be said, however, that the record does not disclose that any employer within the State is contesting the Act other than the defendant herein, and the State is protected by the order of the United States District Court in compelling defendant to regularly pay into Court, or, that is, deposit with Peoples National Bank of Greenville, S. C., all sums of money required to be paid under the act pending the further order of the Court.

The Act under consideration undertakes to and does give an adequate remedy for its enforcement, in fact a summary remedy in that if there be a default in the payment of the contributions, and after notice the employer (debtor) fails to pay, the South Carolina Tax Commission is authorized and directed to issue a warrant of execution directed to the sheriff of the county within which the employer has its property, directing him to levy upon and sell such employer's property, real and personal, to satisfy the execution and costs.

Plaintiffs take the position that this remedy is not now open to them because of the restraining order above referred to. Such position is untenable. The remedy is yet there. It is true that the right to pursue this remedy is temporarily withheld pending the decision of a Court having jurisdiction of the subject-matter for the purpose of determining if plaintiffs are entitled to enforce the statute, not if they are entitled to pursue the specific manner of enforcement provided by the statute.

Where a statute creates a new right and prescribes the remedy of enforcing it, the statutory remedy is exclusive. *Kennedy v. Reames*, 15 S. C., 548; *Bethea v. Allen*, 101 S. C., 350, 85 S. E., 903.

We have meticulously studied the complaint in this action, and are unable to find that it states any cause of action

except for a "Declaratory Judgment" on the constitutionality of the Act involved. Of course, if the United States District Court should lift its restraining order as to levy and sale under execution of defendant's property, and such levy and sale is resisted on the ground that the statute violates the Constitution of South Carolina, there would be a justiciable issue, and the Courts of this State could proceed to pass upon the constitutionality of the Unemployment Compensation Act.

We are constrained to hold that the complaint states no cause of action except for a "Declaratory Judgment" on the constitutionality of the said Act, and will therefore have to sustain the demurrer of the defendant.

Complaint dismissed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and FISHBURNE concur.