## CAMPBELL v. JORDAN.

### GULLEDGE v. SAME (two cases).

Civil Actions Nos. 1812, 1793, 1794.

District Court, E. D. South Carolina, Florence Division.

Sept. 16, 1947.

L. C. Wannamaker, of Cheraw, S. C. and James E. Leppard, of Chesterfield, S. C., for plaintiffs.

N. A. Turner and Edward A. Harter, Jr., both of Columbia, S. C., for defendant.

WYCHE, District Judge.

These cases are before me on motions of the plaintiffs to remand.

The plaintiff in each case is a resident of South Carolina and the defendant is a resident of Pennsylvania. The plaintiff Campbell seeks damages in the sum of $4,000 alleged to have been sustained by him in a collision of his automobile with that of the defendant, in which he alleges that he has suffered personal injuries in the sum of $3,000, and damage to his automobile in the sum of $1,000. Gulledge, as administrator of Martha McNair McFarland, deceased, brings two actions against the defendant, one to recover damages for the alleged wrongful killing of his intestate, and the other for pain and suffering of his intestate, in each of which he alleges damages in the sum of $10,000. The prayer of the complaint in each action demands judgment against the defendant for the sum of $3,000 and costs. Answer in each action was filed within the time prescribed by law.

■ District Courts of the United States have original jurisdiction where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and is between citizens of different states.

28 U.S.C.A. § 41(1). The removal statute provides that any suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction, in any state court, may be removed by the defendant to the district court for the proper district. 28 U.S.C.A. § 71. It is essential, therefore, to the removal of a case from the state court to the federal court that the amount in controversy should be sufficient to give the federal court jurisdiction. It will be observed that the ad damnum allegations in the complaints allege amounts of damages within the jurisdiction of this court, but the prayers of the complaints ask for judgment in amounts without the jurisdiction of this court.

The question for consideration, therefore, is, do the averments in the complaints, or the prayer of the complaints, determine the jurisdiction of this court in these cases?

■ In matters of pleading I am no longer governed by the state practice but by the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Swift & Co. v. Young, 4 Cir., 107 F.2d 170; Schenley Distillers Corporation v. Renken, D.C., 34 F.Supp. 678.

Rule 81(c) provides: "These rules apply to civil actions removed to the district courts of the United States from the state courts and govern all procedure after removal. Repleading is not necessary unless the court so orders."

Rule 8(a) provides: "A pleading which sets forth a claim for relief, * * * shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded."

Rule 54(c) provides: "A judgment by default shall not be different in kind from, or exceed in amount that prayed for in the demand for judgment. Except as to a

party against whom a judgment is entered by default, every final judgment *shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."* (Emphasis added)

■ It is true that Rule 8(a) makes the prayer a part of the pleading, but rule 54(c) provides that final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings. The first requirement of Rule 8(a) is that the pleading shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends. The facts pleaded in the averments of the complaint to establish the jurisdiction of this court, as required by this rule, are controlling in determining the question of jurisdiction. In other words, this rule requires that the jurisdictional facts be alleged in the averments of the pleadings, and not in the demand for judgment. It is not the amount claimed in the prayer for relief which determines the jurisdiction of this court, if the averments in the complaint clearly establish its jurisdiction. The question, under the Federal Rules of Civil Procedure, in determining jurisdiction, is, not what plaintiff has demanded in the prayer of his complaint, but what he alleges he is entitled to recover in the averments of his pleading.

The South Carolina statute, Section 658, Code of Laws of South Carolina 1942, is similar to Rule 54(c), Federal Rules of Civil Procedure, and provides: "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint, but in any other case, the court may grant him any relief consistent with the case made by the complaint, and embraced within the issue."

The South Carolina Supreme Court in construing this statute has held that the prayer for relief in a complaint is no part of the complaint, and may be disregarded in considering the question of jurisdiction. Williams v. Workman, 113 S.C. 487, 101 S.E. 833. It constitutes no part of the cause of the action and cannot give character to it; the measure of relief will not be determined by the prayer of the complaint, but by the facts alleged in the complaint. Balle v. Moseley, 13 S.C. 439; Graveley v. Graveley, 20 S.C. 93; Mortgage Loan Co. v. Townsend, 156 S.C. 203, 152 S.E. 878; Hibbett v. Charleston Heights Co., 163 S.C. 327, 161 S.E. 499; State v. Broad River Power Co., 177 S.C. 240, 181 S.E. 41; Daniel v. Conestee Mills, 183 S.C. 337, 191 S.E. 76; Speizman v. Guill, 202 S.C. 498, 25 S.E.2d 731.

It will, therefore, be seen that the ad damnum averments of the complaint constitute the matter in controversy and determine the jurisdiction of this court, regardless of the prayer of the complaint.

■ Of course, a plaintiff may defeat the jurisdiction of the federal court by specifically remitting or giving credit in the averments of the complaint for all amounts above $3,000, exclusive of interest and costs, but such a credit cannot be given now in the present status of these cases so as to oust the jurisdiction of this court.

I must conclude, therefore, that this court has jurisdiction of each of the cases. Accordingly, the motions to remand have been overruled.