**James E. ERWIN, Plaintiff,**

v.

**ALLIED VAN LINES, INC., George H. Buergi d/b/a Benton Van & Storage Co., and James Hugh Ray, Defendants.**

Civ. A. No. 973.

United States District Court
W. D. Arkansas,
Hot Springs Division.

March 18, 1965.

Cole & Scott, Malvern, Ark., for plaintiff.

Wootton, Land & Matthews, Hot Springs, Ark., for defendants.

3. Federal bank notes are included within the scope of § 881. See N.Y. Penal Law § 884(5); People v. Fury, 279 N.Y. 433, 18 N.E.2d 650 (1939).

**JOHN E. MILLER, Chief Judge.**

Plaintiff, James E. Erwin, has filed a motion to remand. Plaintiff does not dispute that diversity of citizenship exists, but contends that the amount in controversy does not exceed $10,000, exclusive of interest and costs.

The plaintiff commenced the action by filing his complaint against the above named defendants in the Circuit Court of Hot Spring County on February 23, 1965. In his complaint the plaintiff alleged that he "has been damaged in the sum of $15,-000, all as a direct and proximate result of the negligence and carelessness of the defendants as above alleged." In the prayer of the complaint the plaintiff prayed for "judgment against the defendants and each of them jointly and severally in the sum of $10,000, together with all costs herein expended and for any and all other relief to which he may be entitled."

The named defendants on March 9, 1965, filed their petition for removal. On March 10, 1965, the plaintiff served and filed his motion to remand.

■ The defendants have not filed any response to the motion to remand, but even if the motion to remand is defective or had not been filed, the court sua sponte may remand the suit under 28 U.S.C. § 1447(c). 1A Moore's Federal Practice, 2d Ed., Sec. 0.168(4–1). See, also, Garroutte v. General Motors Corp., (W.D. Ark.1959) 179 F.Supp. 315, 316–317; Ingram v. Sterling, (W.D.Ark.1956) 141 F. Supp. 786.

The question presented by the motion to remand is whether the ad damnum allegation that the plaintiff was damaged in the sum of $15,000 by the alleged negligent acts of the defendants or whether the allegation of the prayer for recovery of $10,000, exclusive of costs, controls in determining the amount in controversy.

■■ The question of whether a civil action is removable is one for the consideration of the federal court and is not controlled by state law. Stoll v. Hawkeye Cas. Co., (8 Cir.1950) 185 F.2d 96. The Federal Rules of Civil Procedure apply to civil actions removed to the United States District Court from the state courts "and govern procedure after removal." Rule 81(c). "* * *, defendant was granted by Congress the right to remove the case from the State to the Federal Court but, when it arrived there, it was subject to the same rules of procedure as if it had been originally sued in that court." Grivas v. Parmelee Transportation Co., (7 Cir.1953) 207 F.2d 334, 337. See, also, Freeman v. Bee Machine Co., Inc., 319 U.S. 448, 452, 63 S.Ct. 1146, 1148, 87 L.Ed. 1509; Texas Employers Ins. Ass'n v. Felt, (5 Cir.1955) 150 F.2d 227, 231, 160 A.L.R. 931.[1]

■ The amount in controversy should be determined from the standpoint of the plaintiff. 1 Moore's Federal Practice, 2d Ed., p. 827, Sec. 0.91(1). "* * * the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal, since the defendant must file his petition before the time for answer or forever lose his right to remove." The prayer of the complaint or the amount demanded by plaintiff determines the amount in controversy unless it appears to a reasonable

---

1. Eighty years ago the Supreme Court of Arkansas in Sannoner v. Jacobson & Co., 47 Ark. 31, 14 S.W. 458, held that a party is "entitled to the relief which the facts shown clearly warrant, whether he has prayed much or little." Other decisions, Waterman v. Irby, 76 Ark. 551, 89 S.W. 844 (1905); Rugg v. Lemley, 78 Ark. 65, 93 S.W. 570 (1906); and Mason v. Gates, 90 Ark. 241, 119 S.W. 70 (1909), are to the same effect.

The revised code of procedure adopted since the above decisions were rendered provides:

"The complaint must contain: * * *

"Fourth. A demand for the relief to which the plaintiff considers himself entitled."

Ark.Stat.Ann., Sec. 27–1113 (1962 Repl.).

certainty that the plaintiff could not recover the requisite jurisdictional amount. The plaintiff after removal cannot by stipulation or amendment reduce his claim below the requisite amount and deprive the District Court of jurisdiction. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 291, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

In the case of Iowa Central Ry. Co. v. Bacon, Admrx., 236 U.S. 305, 35 S.Ct. 357, 59 L.Ed. 591 (1915), the complaint or petition alleged that the estate had been damaged in the sum of $10,000, but judgment was asked only for the sum of $1,990. The case was removed upon petition of the defendant on the ground of diversity of citizenship and alleged that the amount in controversy exceeded the requisite jurisdictional amount of $2,000. There was also involved in the case some other procedural questions, and the court, after discussing those questions, at page 310 of 236 U.S., at page 358 of 35 S.Ct. said:

"* * *, it is apparent that the case now under consideration was not, upon the face of the record, a removable one. The prayer for recovery was for $1,990, and consequently the amount required to give jurisdiction to the Federal court was not involved."

In St. Paul Mercury Indemnity Co. v. Red Cab Co., supra, the court, in discussing what a plaintiff may do to prevent removal, said at page 294 of 303 U.S., at page 593 of 58 S.Ct.:

"If he does not desire to try this case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."

The court, to sustain the above quotation, cited Woods v. Mass. Protective Ass'n, (E.D.Ky.1929) 34 F.2d 501. In Woods the court held that a suit brought by the plaintiff as beneficiary under a life insurance policy for the sum of $5,000, in which judgment was sought for the sum of $3,000 only, was not removable to the federal court because the amount sought to be recovered was so limited, though the plaintiff acted for express purpose of defeating federal court's jurisdiction.

In Brady v. Indemnity Ins. Co. of North America, (6 Cir.1933) 68 F.2d 302, the plaintiff was the named beneficiary in a $15,000 accident insurance policy issued by the defendant. She sought to recover only $2,999.99. The case was removed and the court, in remanding the case, held that it was the appellant's (plaintiff's) right to determine the amount of indemnity which she would claim, not the appellee's. When she did so and sued therefor that amount became the sum or value in controversy. The court at page 304 said:

"That she claimed a lesser amount than she might have claimed for the purpose of preventing removal is not in our opinion important. She had the right to sue for this lesser amount. Her demand for such an amount was justiciable in the state court; it was not justiciable in the federal court. Having the right to determine the amount she would claim, the filing of a suit for such amount in the state court was not in our opinion a fraud on the jurisdiction of the federal court."

See, also, Stuart v. Creel, (S.D.N.Y.1950) 90 F.Supp 392; Lorensen v. Jenney Mfg. Co., (D.C.Mass.1958) 158 F.Supp. 928.

In Barnes v. Parker, (W.D.Mo.1954) 126 F.Supp. 649, District Judge Ridge, now United States Circuit Judge Ridge of the Eighth Circuit, at page 651 said:

"* * *, in determining the amount in controversy in actions sought to be removed, the Court to which removal is sought determines the question solely by looking to the amount in good faith prayed for as damnum in the complaint * * *."
(Citing St. Paul Mercury Indemnity Co. v. Red Cab Co., supra.)

Professor Moore, in 1A Moore's Federal Practice, 2d Ed., Sec. 0.157(6), at page 259, states:

"As subsequently pointed out, where plaintiff's cause of action and the relief sought involve a controversy in excess of the required amount, removal is not defeated by a monetary prayer for less than the amount."

In the next sentence the learned author states:

"But where the sole objective of plaintiff's suit is the recovery of money he may prevent removal by the expedient of suing for less than the jurisdictional amount, unless his attempted waiver of the balance is legally ineffective."

At page 423, Sec. 0.158, it is stated:

"A complainant may, however, defeat removal by resorting to the expedient of suing for less than the jurisdictional minimum * * *."

■ It seems unnecessary to consider the various devices that a plaintiff may utilize to prevent the removal of a suit from the state court to the federal court because in the instant case the plaintiff, while alleging that he had sustained damage in a sum greater than $10,000 by reason of the collision of the two vehicles, deliberately chose to sue for only $10,000 and costs. There is no statutory policy against avoidance of federal jurisdiction. The majority rule is that a plaintiff may waive a portion of the damages actually suffered and sue for an amount that would prevent a federal court's acquiring jurisdiction by removal.[2] On the other hand, the averments in a complaint may disclose that the damages sustained are less than the jurisdictional amount, but the prayer is for an amount in excess of the jurisdictional amount, and thus the case would be removable and would not be subject to remand unless it appeared to a reasonable certainty that the plaintiff could not recover the requisite jurisdictional amount.

In Swann v. Mutual Reserve Fund Life Ass'n, (C.C.W.D.Ky.1902) 116 F. 232, the petition for removal was based upon (1) that the amount in dispute exceeded the sum or value of $2,000, exclusive of interest and costs, and (2) that while plaintiff in his petition nominally claimed less than that sum and the sum prayed for was less than the sum which his petition showed he ought to have claimed; that the diminution of his demand was made for the sole purpose of preventing a removal of the action. The court, in discussing the second ground, said at page 233:

"* * *, I doubt if the mere allegation that such refusal to claim as great a sum as might have been demanded in a pleading like the one in this case, even if such failure was for the sole purpose of preventing a removal, is per se sufficient to show that a fraud was thereby perpetrated upon the jurisdiction of the court. In other words, I doubt, for the reason suggested, whether it is a fraud per se, in this particular case, to claim less than the plaintiff might have claimed, even if such failure was for the sole purpose of preventing a removal, * * *."

For the reasons above stated, the court is of the opinion that the motion to remand should be granted, and an order is being entered today remanding the case to the Circuit Court of Hot Spring County whence it was removed.

---

2. There are other decisions holding that where required diversity of citizenship existed, the amount plaintiff alleged to be entitled to in the averments of his pleadings determined the jurisdiction of federal district courts and not the amount demanded in the prayer of the complaint.

Campbell v. Jordan, (E.D.S.C.1947) 73 F.Supp. 318; Babb v. Paul Revere Life Ins. Co., (W.D.S.C.1952) 102 F.Supp. 247. In the latter case the court followed Campbell v. Jordan, supra, with no other citations of authority.