## NEEL v. SOUTHERN BELL TELEPHONE & TELEGRAPH CO.

### No. 631.

District Court, S. D. Florida, Jacksonville Division.

Nov. 3, 1943.

416

Will O. Murrell and John E. Lake, both of Jacksonville, Fla., for plaintiff.

Scott M. Loftin and Harold B. Wahl, both of Jacksonville, Fla., for defendant.

STRUM, District Judge.

This action at law originated in the Civil Court of Record for Duval County, Florida. In each of counts one and two of his complaint, plaintiff sues to recover $3,000 damages for the alleged breach by defendant of a contract to move plaintiff's telephone from plaintiff's then place of business to a new location. The third count of the complaint is in trover, seeking $3,000 damages for the alleged conversion by the defendant of certain copper wire, said to be the property of plaintiff, used in connection with said telephone.

Defendant sought to remove the cause to this Court. 28 U.S.C.A. § 71. Upon presentation to him of the removal petition, the Judge of said Civil Court of Record, being of the opinion that plaintiff's demand exceeded that Court's jurisdiction, dismissed the action. Defendant, unconvinced, nevertheless brought the record here.

Said Civil Court of Record, as re-created by chapter 8521, Acts of 1921, has original jurisdiction of law actions where the matter in controversy exceeds $100, but "does not exceed, exclusive of interest and costs, the sum or value of Three Thousand Dollars."

In the removal of causes of this character, depending on diversity of citizenship, this Court's jurisdiction is derivative in the sense that if the State Court lacks jurisdiction of the subject matter or of the parties, the Federal Court acquires none, although it might have had jurisdiction of a like suit originally brought here. Lambert Run Coal Co. v. Baltimore & O. R. Co., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 675.

This attempted removal inevitably becomes impaled on one horn or the other of a jurisdictional dilemma. If the amount here in controversy exceeds $3,000, exclusive of interest and costs, then said Civil Court of Record had no jurisdiction of the cause, and this Court could derive none from it. Unless the amount in controversy exceeds $3,000, exclusive of interest and costs, the cause is not removable to this Court, as the requisite jurisdictional amount would be lacking (28 U.S.C.A. § 41), actions of this character being removable only in cases "of which the district courts of the United States are given original jurisdiction." 28 U.S.C.A. § 71. It follows that an action cannot be removed to this Court from the Civil Court of Record for Duval County when jurisdictional amount is a factor, which it is in this case.

In Freeman v. Bee Machine Co., 63 S.Ct. 1146, 87 L.Ed. 1509, decided June 1, 1943, relied upon by defendant to support the removal, the State Court admittedly had original jurisdiction of the cause, so as to support a removal to the Federal Court. The only question was as to amendment of the pleadings to assert an additional cause of action after the cause properly reached the Federal Court, with which question we are not here concerned.

As the cause has been heretofore dismissed in the State Court, rendering remand futile, it is here also (28 U.S.C.A. § 80) dismissed.