Edward Gr. Baker, J.
This is a motion by defendant to vacate a judgment entered against him on his default and granting him leave to serve an answer to the complaint, in form submitted with the moving papers.
The action was brought to enjoin and restrain defendant from using plaintiff’s land, from trespassing thereon and interfering with plaintiff’s use thereof and for damages.
Upon defendant’s default in appearing and pleading, the court, at Special Term, Part II entered judgment enjoining the defendant as demanded in the complaint and directing that the matter be referred to an official referee to ascertain and assess the damages sustained by plaintiff, and further directing that final judgment be entered by the clerk in accordance with the report of the referee and without further application to the court.
On the reference, a real estate broker testified that the rental value of the property involved was $2,000 per annum, and that the fair and reasonable rental value thereof during the period of defendant’s possession was $7,000. This figure was accepted by the Referee and the clerk thereafter, on March 13, 1958, entered a money judgment against defendant in that amount.
The complaint demanded money damages in the sum of $4,000, so that the amount for which judgment was entered exceeded the demand to the extent of $3,000. The complaint was not amended. Clearly, defendant’s default did not authorize the entry of judgment against him beyond the relief demanded (Civ. Prac. Act, § 479).
Moreover, the photographs of the property submitted on this application strongly suggest that the money damages demanded were far in excess of the fair rental value thereof, and this conclusion is supported by an affidavit of a real estate broker who states that the fair and reasonable rental value of the premises is not more than $50 per month. At the very least, there is here, a sharp issue as to the rental value of the property.
There exists in this court, independently of the power conferred by section 108 of the Civil Practice Act the right to set aside and vacate judgments in furtherance of justice and to relieve parties of defaults. The court is convinced, upon the basis of the proof submitted on this motion, and upon the court’s own observation of the defendant who appeared on the return day of the motion, that defendant is illiterate; that he had no clear understanding of the nature of the proceedings against him; that he does not even now realize that, by virtue of the judgment, an execution has been issued against his home. It is *141 also this court’s opinion that defendant has a meritorious defense to the action and that he should be granted the right to defend.
No prejudice will result to plaintiff by such a disposition. The order to be entered hereon (which shall be settled on notice) shall provide that defendant’s default be opened on the following conditions: (1) that within 10 days after entry of said order, he serve on plaintiff’s attorney an answer in the form of the proposed answer, (2) that he consent to a prompt trial of the action, and (3) that the judgment heretofore entered stand as security for any sum plaintiff may be awarded at the trial.
Settle order accordingly.