Joseph Natale, an Infant, by Oscar Natale, His Guardian ad Litem, Respondent, *v.* Pepsi-Cola Company et al., Defendants, and Great Atlantic & Pacific Tea Co., Appellant.

First Department, February 17, 1959.

*Norman C. Mendes* of counsel (*John J. Cullen* with him on the brief; *Mendes & Mount,* attorneys), for appellant.

*Jacob D. Fuchsberg* of counsel (*Abraham I. Nelson,* attorney), for respondent.

McNALLY, J. In an action for damages for injuries resulting from a bursting soda bottle, defendant-appellant Great Atlantic & Pacific Tea Co. appeals from a judgment for plaintiff in the sum of $200,291.25 after trial before the court and a jury.

The accident occurred on April 24, 1951. The left eye of the infant plaintiff was injured so that it was subsequently removed. The injury was caused by the bursting of a bottle of Pepsi-Cola which plaintiff stated he was attempting to open on the metal hasp of a gate of Public School 102, 113th Street between First and Second Avenues in the Borough of Manhattan.

The plaintiff testified that he heard a sizzling noise made by the gas escaping from the bottle; that the bottle burst without coming in contact with the iron uprights. There is other evidence in the record to the effect that the iron hasp utilized by plaintiff in attempting to remove the cap was 3/16ths of an inch thick, swivelled on a hinge and set closely between two rigid uprights. It would seem that the internal pressure of the bottle had diminished before its alleged explosion. The record offers no explanation as to how it was possible that the bottle which was capable of withstanding the internal pressure of the gas up to the time when the cap was in the process of being removed and the gas beginning to escape should suddenly explode under reduced pressure.

We hold that the verdict is against the weight of the credible evidence and since a new trial is directed we find it necessary to address ourselves to certain assignments of error.

The sole ground of liability presented to the jury by the learned Trial Judge was the alleged breach of the implied warranty of the merchantability of the bottle. During the trial the complaint was dismissed as to defendants Pepsi-Cola Company and Pepsi-Cola Metropolitan Bottling Co., Inc., and plaintiff was permitted, over defendant's objection, to amend his complaint so as to increase the demand for damages from $100,000 to $250,000.

On the issue of liability, we hold the court's charge to be too narrow since it eliminated from the jury's consideration the effect of the handling of the bottle between the time of purchase and the time of the occurrence. The charge concerned itself entirely with the handling of the bottle by the infant plaintiff immediately prior to the occurrence. However, there

was evidence of the manner of its handling between the time of purchase and immediately prior to the occurrence which should have been submitted to the jury together with a charge conveying to them the fact that if the careless handling of the bottle between the time of its purchase and the time of the occurrence was an essential cause of the occurrence and injuries, then the plaintiff is not entitled to recover. (*Fredendall* v. *Abraham & Straus*, 279 N. Y. 146.)

The point is that defendant's liability depends solely upon a breach of the implied warranty of merchantability. If the essential cause of the occurrence was something other than the breach of the implied warranty, no matter what, the defendant is not liable. Apart from plaintiff's negligent handling of the bottle, the defendant would not be liable if the accident essentially occurred by reason of mishandling whether by plaintiff or any other person between the time of purchase and the time of the occurrence.

This is not a case which may be submitted to the jury on the theory of *res ipsa loquitur*. It is the breach of the implied warranty of merchantability which gives rise to the liability and the evidence must affirmatively establish that it is causally related to the alleged injuries. Stated differently, the burden is on the plaintiff to account for the bottle from the time of its purchase to the time of the occurrence and this concept should have been conveyed to the jury in a proper charge. A party cannot recover for a loss that he could have averted by the exercise of reasonable care. (*Eisenbach* v. *Gimbel Bros.*, 281 N. Y. 474; *Razey* v. *Colt Co.*, 106 App. Div. 103.) It must be remembered that the defendant did not warrant the bottle to be accident proof.

The charge that the jury was entitled to consider " the general custom and practice of school children and others for the opening of soda bottles " was improper in the absence of proof of such general custom or practice. We do not at this time express any opinion on the admissibility of such evidence.

The granting of the motion during the trial to increase the *ad damnum* clause from $100,000 to $250,000 was an unwise exercise of discretion and the motion should have been denied. The summons and complaint were served January 2, 1952. Issue was joined on January 22, 1952. The case was tried during the April 1958 Term. While it is true that the increase of the *ad damnum* clause in a personal injury action is within the sound discretion of the trial court, this discretion should be exercised only when circumstances are spelled out factually which warrant the exercise of judicial discretion in favor of the moving party.

Here, no substantial ground for the relief asserted was given. Counsel for plaintiff so moved on the ground that he noticed that the amount demanded was $100,000, that the injuries were serious and permanent (not that they were aggravated or newly discovered) and that the dollar had declined in value. While this court is loathe to deprive a litigant of his opportunity to present his entire claim to the court, where, as here, the increase in the *ad damnum* clause is sought during trial, it should appear that the interests of justice require the granting of the motion and the amount demanded is consonant with the proof of damages and not excessive, otherwise it cannot be said to be without prejudice to the defendant.

The judgment should be reversed on the law and the facts, and as against the weight of the credible evidence, and a new trial directed, with costs to abide the event.

RABIN, J. P., FRANK, VALENTE and BERGAN, JJ., concur.

Judgment unanimously reversed upon the law and upon the facts and as against the weight of the credible evidence, and a new trial ordered, with costs to abide the event.