■ AUDIO FIDELITY, INC., Respondent, v. DUKES OF DIXIELAND, Appellant. — Order, entered on December 24, 1963, unanimously modified, on the law and on the facts and in the exercise of discretion, with $20 costs and disbursements to appellant, to delete the third and fourth decretal paragraphs providing for an early trial. The direction for an early trial, amounting to the granting of a preference, is not justified by the record and runs counter to the provisions of rules of the court providing for the "consent of the parties" as a condition precedent to the granting of an immediate trial where an application is made for a temporary injunction. (New York and Bronx Counties Supreme Ct. Rules, rule VIII, subd. 1, par. [e]; cf. *Morton New York City Corp.* v. *Wolfson,* 15 A D 2d 645.) Concur — Botein, P. J., Valente, McNally, Stevens and Eager, JJ.

■ NINA DALY, Respondent, v. PAUL ARLEY, Appellant.— Order, entered on December 18, 1963, denying defendant's motion to preclude or strike certain matters from the second supplemental bill of particulars, unanimously reversed, on the law and on the facts, with $20 costs and disbursements to appellant, and the motion granted to the extent of precluding plaintiff-respondent from giving any evidence at the trial of this action as to the matters set forth in that part of subdivision (a) of paragraph 5 of the second supplemental bill of particulars beginning with the word "aggravation" to the end of said paragraph. Plaintiff-respondent is further precluded from giving any evidence at the trial of special damages that may have flowed from that pre-existing condition or any claimed aggravation thereof. The clear intent of our decision of November 7, 1963 only permitted plaintiff to bring up to date special damages which allegedly flowed from the original injuries claimed. Concur — Botein, P. J., Valente, McNally, Stevens and Eager, JJ.

■ ELIZABETH I. GERARD, Respondent, v. 331 MADISON AVENUE COR-PORATION, Appellant.— Order, entered on October 8, 1963, denying plaintiff's motion to increase the *ad damnum* clause in her complaint, but without prejudice to renewal upon proper medical proof, unanimously modified, upon the laws, the facts and in the exercise of discretion, to the extent of denying said motion unconditionally, with $20 costs and disbursements to defendant-appellant. Plaintiff brought on this motion more than 11 years after she first instituted suit. She does not base her application upon injuries additional to those alleged in her bill of particulars, which was served in 1955. In view of this circumstance, and the inordinate delay in making this motion, it should be denied unconditionally. Concur — Botein, P. J., Valente, McNally, Stevens and Eager, JJ.