■ GARDEN HILL ESTATES, INC., Respondent, v. HYMAN BERNSTEIN, Appellant. GARDEN HILL ESTATES AT NEW CITY, INC., Respondent, v. HYMAN BERNSTEIN, Appellant.— In each of two separate actions to recover damages arising out of the alleged wrongful conduct of the defendant, Hyman Bernstein, as former president of the two plaintiff corporations, the said defendant appeals from a judgment of the Supreme Court, Rockland County, entered July 16, 1964 after a nonjury trial, upon the court's formal decision in plaintiff's favor against him, which: (a) directed recovery of stated sums by the plaintiff corporation from the defendant; and (b) further provided that the plaintiff corporation "may apply for such further judgment at the foot * * * [thereof] against the defendant for salaries paid to * * * [him] during the period of * * * [his] employment by the plaintiff corporation." Pursuant to the permission granted under the judgments, by an "order and additional judgment" in each action entered December 7, 1964 after a hearing on notice, the original judgments were amended so as to award to each plaintiff corporation an additional sum for such salaries. Judgment of July 16, 1964 in each action modified on the law, without costs, as follows: (1) by striking out the second decretal paragraph granting leave to apply for further judgment at the foot thereof; and (b) by substituting therefor a paragraph to the effect that this determination is without prejudice to such further proceedings, as plaintiff may be advised, to recover from defendant the moneys paid to him as salary during the period embraced by the recovery granted under this judgment. As so modified, said judgments of July 16, 1964 are affirmed, with a separate bill of costs to the corporate plaintiff in each action; and the "order and additional judgment" of December 7, 1964 in each action is vacated, without costs. The findings of fact are affirmed. Defendant was clearly proven to be a disloyal employee of the two plaintiff corporations of which he was president. He participated in "kick-back" schemes for his personal enrichment, and he entered into questionable personal relationships with contractors of his principals. For these actions he was properly found liable for stated sums with interest; and, in this respect, the judgments of July 16, 1964 and the findings of fact are affirmed. However, the trial court lacked the power to permit the plaintiff corporations thereafter to seek further judgments with respect to salaries paid by them to the defendant. While the statute (CPLR 3017, subd. [a]) provides that "the court may grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded," this provision was not intended to annul or affect the existing cases which forbade a court from granting monetary awards in excess of the amounts demanded by the complaint, unless a proper amendment of the pleadings is first made (First Preliminary Report of the Advisory Comm. on Practice and Procedure; N. Y. Legis. Doc., 1957, No. 6 [b], p. 68, [26.8]; see *Michalowski* v. *Ey,* 7 N Y 2d 71; *Stebbins* v. *Frisbie & Stansfield Knitting Co.,* 201 App. Div. 477; *Clareve Corp.* v. *Papa,* 15 Misc 2d 139). We do not question the validity of the cases which hold that in certain instances a disloyal employee may be deprived of compensation and may be compelled to return compensation already paid. But here no such damages were ever sought. In their complaints in both actions, the cor-

porations sought damages only for the misconduct of the defendant which resulted in direct loss to them. No demand was made for the return of salaries paid; the cases were not tried with the intention of effectuating any such recovery; and no motion was ever made to amend the respective complaints to include causes of action for the recovery of salaries. Nor can the general motions made at the close of each case, which were tried together, be considered sufficient to fill the gap. In sum, defendant was never sued for the damages which were awarded to each plaintiff via the " orders and additional judgments " of December 7, 1964. No matter how much we may disapprove of defendant's conduct and no matter how firmly we may believe that a person should not profit from a position of trust at the expense of his principal, we must nevertheless preserve defendant's right to fair procedure and proper advance warning as to just what is at stake in the pending litigation, before casting him in liability. Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.