**Grady P. PEACOCK and Eugene Williams, d/b/a Peacock & Williams, a partnership, Plaintiffs,**

**v.**

**The AMERICAN INSURANCE COMPANY, a corporation, Defendant.**

**Civ. A. No. 1157.**

United States District Court
N. D. Florida,
Tallahassee Division.

May 9, 1966.

Jack A. Harnett, Quincy, Fla., for plaintiffs.

E. Harper Field, of Keen, O'Kelley & Spitz, Tallahassee, Fla., for defendant.

CARSWELL, Chief Judge.

Plaintiffs based this petition for remand to the Circuit Court in and for Gadsden County, Florida, originally upon two grounds:

(1) Lack of diversity in that the defendant corporation had its principal place of doing business within the State of Florida. Counsel for plaintiffs now concedes, and so stipulates with the approval of the Court, that the fact is that the defendant corporation does not have its principal place of business within the State of Florida and that diversity of citizenship is established as contended by the defendant.

(2) Lack of jurisdictional amount as required by 28 U.S.C. § 1332. The facts on the record here must determine this issue and the resulting order of this Court on the motion to remand. The facts are these: Plaintiffs' complaint, as amended, "sues the defendant and claims damages in excess of Six thousand ($6,000.00) Dollars, and less than Ten thousand ($10,000.00) Dollars." Subsequently, defendant filed interrogatory to plaintiff, "State in detail the amount of and each item of damages claimed by you." To which the plaintiffs responded in general terms only without specifying any monetary amount of either damages or claim against the defendant. Thereafter, on motion of defendant the state court required plaintiffs to respond more specifically in monetary amount. Whereupon, plaintiffs then responded to the subject interrogatory by giving three specific monetary items, totaling $12,756.55, all of which were dubbed in the answer as "loss." Based upon this response of plaintiffs the defendant then timely filed a petition for removal to this court in accordance with Gaitor v. Peninsular & Occidental Steamship Co., 287 F.2d 252 (5th Cir. 1961).

Plaintiffs now urge most strenuously that at no time have they sought nor do they now seek to recover from the defendant any amount of money in excess of $10,000.00, exclusive of interest and costs. Plaintiffs urge that there is a clear distinction between amount of *damages* suffered by them and the monetary *amount sought to be recovered* by them from the defendant in this action. Plaintiffs contend that their answer to the subject interrogatory upon which defendant relies to establish the jurisdictional amount in this court merely and only stated the *damages* claimed by the plaintiffs to have been *suffered* by them but does *not* state a *claim* for monetary amount to be paid to them by the defendant. Therefore, plaintiffs say, the amount in controversy less than $10,-000.00, exclusive of interest and costs which is required by 28 U.S.C. § 1332. Plaintiffs cite Erwin v. Allied Van Lines, Inc. et al., 239 F.Supp. 144 (W.D. Ark. 1965), and numerous cases therein cited as clear authority for their distinction between *damages suffered* and *amount claimed* from defendant in actual controversy.

This Court agrees with plaintiffs' contention in this regard. Giving plaintiffs, as this Court considers it must, full freedom to sue for less monetary amount than possible damages suffered also gives plaintiffs full freedom to thereby divest this Court of jurisdiction in the selection of their forum. There is to be sure a regrettable element of abortiveness in both state and federal courts on issues such as are raised on this motion. And there may be yet more to come in the frustration of ultimate judgment to be rendered either by the Circuit Court in and for Gadsden County, Florida, or this court, for it is obvious that this cause, now found to be necessarily remanded, may subsequently, upon the amendment of plaintiffs for the full amount said to have been suffered or,

perhaps, by claim for attorneys fees, precipitate again a new round of shopping at the respective courthouses. Be this as it may, however, since there are no gray shades in the field of jurisdictional amount, the basic proposition that the plaintiffs may sue for less money than they say they have lost must be recognized by this Court.

Motion for remand is thereby granted this date by appropriate order.