■ GEORGE NAUJOKAS, an Infant by His Father and Natural Guardian GEORGE NAUJOKAS, Respondent, et al., Plaintiff, v. H. FRANK CAREY HIGH SCHOOL, Defendant, and CENTRAL HIGH SCHOOL DISTRICT No. 2 OF THE TOWN OF HEMPSTEAD, Appellant.— In a negligence action to recover damages for personal injuries of the infant plaintiff and for medical expenses, etc., of his father, the appeals are (1) from two orders of the Supreme Court, Nassau County, entered August 28, 1968 and September 6, 1968, respectively, each

of which granted appellant's motion to set aside a jury verdict for the infant plaintiff against appellant for $250,000, unless said plaintiff would stipulate to reduce his verdict to $125,000; and (2) as limited by appellant's brief, from so much of a judgment of said court, entered October 15, 1968, as is in favor of the infant plaintiff upon the verdict as reduced to $125,000 by stipulation made pursuant to said orders. Judgment reversed insofar as appealed from, i.e., insofar as it is in favor of the infant plaintiff, on the law, without costs; and, as to said plaintiff, action severed and new trial granted, solely on the issue of damages, unless said plaintiff, within 30 days after entry of the order hereon, serve and file in the office of the trial court a written stipulation consenting to reduce his verdict to $50,000 and to the entry of an amended judgment accordingly, in which event the judgment as to him, as so reduced and amended, is affirmed, without costs. The findings of fact below are affirmed, except for the findings on the issue of damages. Appeals from orders dismissed, without costs, as academic in view of the determination herein on the appeal from the judgment. Since it is the general rule in this State that a party may not recover a money judgment in a sum greater than that requested in his prayer for relief (see, e.g., *Michalowski* v. *Ey,* 7 N Y 2d 71, 75–76, and cases cited thereat), the maximum amount that respondent could have recovered at bar was the $50,000 prayed for in the *ad damnum* clause of his complaint (cf. *Riggs, Ferris & Geer* v. *Lillibridge,* 316 F. 2d 60, 61–62, with First Preliminary Report of the Advisory Committee on Practice and Procedure, tit. 26, § 26.8 [N. Y. Legis. Doc., 1957, No. 6 [b], p. 68]; *Silbert* v. *Silbert,* 22 A D 2d 893, affd. 16 N Y 2d 564; *Garden Hill Estates* v. *Bernstein,* 24 A D 2d 512, affd. 17 N Y 2d 525). Accordingly, the trial court erred in permitting a reduction of respondent's verdict to an amount greater than that demanded. However, we are of the opinion that, on the record before us, respondent was entitled to recover damages in an amount at least equal to that prayed for. Christ, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.