■ KINGSLEY SWAN, Appellant, v. SIT'N CHAT RESTAURANT, INC., Respondent.— In a proceeding pursuant to article 75 of the CPLR to confirm an arbitration award made in the State of New Jersey, petitioner appeals from an order of the Supreme Court, Westchester County, dated May 23, 1973, which denied the application without prejudice to renewal in the State of New Jersey. Order reversed, without costs, and proceeding remanded to the Special Term for (1) a trial at which proof shall be taken upon the question of whether a valid agreement to arbitrate was made and (2) a new determination. Petitioner, a Massachusetts domiciliary, and respondent, a New York corporation, allegedly entered into an agreement on June 1, 1972, whereby petitioner was to perform at respondent's place of business for several weeks during August, 1972. Paragraph 8 of the agreement expressly provided that any controversy between the parties arising out of the contract would be submitted for arbitration to the International Executive Board of the American Federation of Musicians in accordance with the constitution, by-laws and rules and regulations of the federation. Subsequently, a controversy arose between the parties and petitioner initiated an arbitration. Respondent did not appear and an award was made by the International Executive Board, sitting in New Jersey, in petitioner's favor on November 27, 1972 for $4,400. Thereafter, petitioner initiated the instant proceeding and respondent opposed and requested that the award be vacated, alleging *inter alia* that it, respondent, had never been served with a notice of intention to arbitrate pursuant to CPLR 7503 (subd. [c]), that it could still litigate before the court the threshold question of whether a valid agreement had been made (CPLR 7503, subd. [a]) and, particularly, that the person alleged to have signed the agreement on its behalf had never been authorized to do so and had no authority to bind it. Special Term, in denying the application, held that "confirmation of an award rendered in a sister state will not be granted in New York where personal jurisdiction over respondent was lacking, and the agreement itself does not provide for confirmation in a different state". In our opinion, Special Term was in error in denying the motion on this ground. The regulations and by-laws of the American Federation of Musi-

cians, which the parties had purportedly agreed was to govern, provided that the Federation's International Executive Board would sit in the State of New Jersey and that after any demand for arbitration was sent by one party to the federation, the secretary-treasurer of the federation would send a copy of the demand to the other party, together with any written statements in support thereof and together with a notice to reply by a certain date. The regulations and by-laws also provided that the parties to an arbitration agreement agree that ordinary mailing by the secretary-treasurer of any demand for adjudication or any other notice would constitute due and proper service of the demand or notice. Respondent did not answer the notice of petitioner's claims sent to it by the federation's secretary-treasurer. Pursuant to the federation's regulations respondent could have raised with the executive board any objection to the sufficiency of any notice sent by the federation. Assuming a binding contract, we would find that respondent agreed to abide by an arbitration award in New Jersey and consented to the federation's acquisition of personal jurisdiction over respondent through personal service outside the federation's territorial jurisdiction (*Prosperity Co.* v. *American Laundry Mach. Co.*, 271 App. Div. 622, affd. 297 N. Y. 486; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7510.15). In view of the fact that the federation's by-laws expressly stated that confirmation of an award may be made in the courts of the State of New York and the fact that respondent is domiciled in New York, there can be no doubt that sufficient bases for jurisdiction of the New York courts to confirm the award would exist (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 7501.34, 7501.35). However, we are of the opinion that the proceeding must be remanded for a hearing at which proof shall be adduced upon the question of whether a valid agreement to arbitrate was made. The record indicates that petitioner failed to serve upon respondent a notice of intention to arbitrate pursuant to CPLR 7503 (subd. [c]), which notice, as provided in this statute at the time here in question, was required to specify "*the agreement pursuant to which arbitration is sought and the name and address of the party serving the notice* * * * *and* [*state*] *that unless the party served applies to stay the arbitration within ten days after such service he shall thereafter be precluded from objecting that a valid agreement was not made.*" (Italics added.) Since respondent was not so served and did not participate in the arbitration, the question as to the validity of the agreement was preserved and could still be raised before the court upon a motion to confirm (CPLR 7510, 7511, subd. [b], par. 2; see, also, *Matter of Hesslein & Co.* v. *Greenfield*, 281 N. Y. 26). Consequently, a trial is necessary to resolve this issue. Gulotta, P. J., Hopkins, Martuscello, Shapiro and Munder, JJ., concur.