■ DOUGLAS PUGH et al., Respondents, v MEYER C. HOFFMAN et al., Appellants.—Order, Supreme Court, New York County, entered November 19, 1975, granting plaintiffs' motion to increase the *ad damnum* clause in the complaint and to serve an amended bill of particulars, is unanimously reversed, in the exercise of discretion, and the motion denied, with $40 costs and disbursements to appellants. In this personal injury action the accident took place on October 20, 1969; the summons and complaint were served in August, 1970; plaintiff served a bill of particulars on October 9, 1974. In October, 1975 there was a substitution of attorneys. The new attorneys moved to increase the *ad damnum* clause from $350,000 to $1,000,000 for the injured husband and from $100,000 to $750,000 for the wife's loss of services claim. No adequate excuse appears for the delay from 1970 to 1975 in the application to increase the *ad damnum* clause. No reason appears why the claimed greater seriousness of the injuries was not apparent in October, 1974 when the original bill of particulars was served, five years after the accident. The proposed amended bill of particulars claims new injuries such as a fracture of the skull which surely should have been known by 1974. The medical causation between the accident and the claimed condition in 1975 is shown very tenuously, if at all. The proposed amended bill claims new facts as to liability e.g., that actual notice of the claimed dangerous condition was given to the superintendent on October 18, 1969. Nothing appears as to when this fact came to plaintiffs' attention or indeed whether it is a fact. It appears likely that the chief reason for the motion to increase the *ad damnum* is that plaintiffs have new and more courageous attorneys; that is not a sufficient reason. Concur—Markewich, J. P., Murphy, Birns, Silverman and Lane, JJ.