Kuno SPONHOLZ, Plaintiff,

v.

Bernadette STANISLAUS, a/k/a Bern Nadette, a/k/a Mrs. Thomas L. Fauntleroy, a/k/a Bernadette Fauntleroy, a/k/a Bernadette Stanis, Defendant.

No. 75 Civ. 6257.

United States District Court, S. D. New York.

March 31, 1976.

Philip I. Beane, New York City, for plaintiff.

Harvey G. Wolfe, Wolfe & Wolfe, New York City, for defendant.

## ENDORSEMENT

LASKER, District Judge.

Kuno Sponholz sues Bernadette Stanislaus, a performer, for $10,000. in commissions allegedly due under a personal management contract. (Summons and Indorsed Complaint annexed to the Beane Affidavit, Dec. 19, 1975) The action was commenced in the Civil Court of the City of New York, but Stanislaus, a California resident, removed the case to this Court pursuant to 28 U.S.C. § 1446, alleging that "the matter in controversy exceeds the sum of $10,000., exclusive of interests and costs." (Petition for Removal annexed to the Beane Affidavit, *supra*) Sponholz now moves to remand for lack of the requisite jurisdictional amount.

The Summons and Indorsed Complaint plainly indicate that Sponholz is suing for a recovery of precisely $10,000. Indeed, Stanislaus concedes that only $10,000. is sought, but she argues that "the actual amount in controversy exceeds that sum by a substantial amount." (¶ 3, Wolfe Affidavit, Jan. 7, 1976) She maintains that under the terms of the contract, which is annexed to the Wolfe Affidavit, Sponholz would be entitled to sue for more. In an attempt to buttress her argument from the face of the pleadings, she points to the language of the Indorsed Complaint which declares that "*As of this date,* there are outstanding commissions due . . . in the amount of $10,000." (Emphasis added) This, according to Stanislaus, carries the necessary implication that a greater amount is actually in issue. (¶¶ 4–5, Wolfe Affidavit, *supra*)

■ Even assuming dubitante either that it is appropriate to consider materi-

al outside the pleadings, (but see *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 291, 58 S.Ct. 586, 591, 82 L.Ed. 845, 849–50 (1938)), or that Stanislaus is correct that the complaint itself reveals that Sponholz could have sued for more, this court still lacks jurisdiction and must remand the action. Under the law of New York, a plaintiff's recovery cannot exceed the amount prayed for in the complaint. *Wyman v. Morone,* 33 A.D.2d 168, 306 N.Y.S.2d 115 (3rd Dept. 1969); *Naujokas v. H. Frank Carey High School,* 33 A.D.2d 703, 306 N.Y.S.2d 195 (2d Dept. 1969). In such circumstances an action in which the complaint seeks less than the federal jurisdictional amount is not removable even if the pleadings clearly allege a greater injury. *Swann v. Mutual Reserve Fund Life Assn.,* 116 F. 232 (C.C.W.D.Ky.1902). And see *Iowa Central Railway Co. v. Bacon,* 236 U.S. 305, 35 S.Ct. 357, 59 L.Ed. 591 (1915). Other courts have reached the same conclusion without reference to the state law of recovery in excess of the *ad damnum* clause. *Brady v. Indemnity Ins. Co.,* 68 F.2d 302 (6th Cir. 1933); *Erwin v. Allied Van Lines, Inc.,* 239 F.Supp. 144 (W.D.Ark.1965); *Stuart v. Creel,* 90 F.Supp. 392 (S.D.N.Y. 1950). This view receives at least implicit support from the language of the Supreme Court in *St. Paul Mercury Indem. Co. v. Red Cab Co., supra.* In that case the court held that a plaintiff could not defeat removal by reducing the amount of his demand after the defendant properly institutes removal proceedings. In so holding the Court stated that:

> "The claim [i. e. the complaint at the time of removal], whether well or ill founded in fact, fixes the right of the defendant to remove, and the plaintiff ought not to be able to defeat that

right and bring the cause back to the state court at his election. If he does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury Indem. Co. v. Red Cab Co., supra,* 303 U.S. at 294, 58 S.Ct. at 593, 82 L.Ed. at 851.

▬ In the somewhat unusual circumstances of this case there is a second reason why the action must be remanded. The removal jurisdiction of a federal court is derivative in nature. If the state court in which an action is commenced lacks jurisdiction, then upon removal the federal court lacks jurisdiction as well, even if the case could properly have been brought in the federal court in the first instance; *Minnesota v. United States,* 305 U.S. 382, 389, 59 S.Ct. 292, 295–96, 83 L.Ed. 235, 241–42 (1939); *Lambert Run Coal Co. v. Baltimore & Ohio R. Co.,* 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671, 675 (1922); and if Stanislaus were correct that the amount in controversy is greater than $10,000., the Civil Court would have been without jurisdiction from the inception of the suit. N.Y.Civil Court Act § 202 (McKinney 1963). Thus, Stanislaus' argument places her in an insoluble dilemma. Indeed, it seems fair to conclude that removal from a court with a maximum jurisdictional limit less than the minimum federal jurisdictional amount is an impossibility. See *Neel v. Southern Bell Telephone & Telegraph Co.,* 52 F.Supp. 415 (S.D.Fla.1943).

For the foregoing reasons the motion to remand the action to the Civil Court of the City of New York is granted.

It is so ordered.