■ LITCOM DIVISION, LITTON SYSTEMS, INC., Respondent, v SUFFOLK ROOFING Co., INC., et al., Appellants.—In an action *inter alia* to recover damages for breach of contract and of express and implied warranties, defendants, in two consolidated appeals, appeal from (1) a judgment of the Supreme Court, Suffolk County, entered May 2, 1975, which is in favor of plaintiff, after a nonjury trial (defendant Suffolk Roofing Co., Inc. [Suffolk] also appeals from so much of the said judgment as failed to determine its cross claim against defendant Philip Carey Company [Carey]) and (2) an order of the same court, entered November 24, 1975, which denied defendants' motions for a new trial on the grounds of newly discovered evidence and fraud. Judgment modified, on the law and the facts, by reducing the total amount of the verdicts from $280,243.96 to the total amount of $150,000, together with interest and costs. As so modified, judgment affirmed, without costs or disbursements (cf. *Zappala v Upwood Realty Corp.,* 8 AD2d 716, affd 7 NY2d 833); cross claim severed and remanded to Trial Term for an apportionment of damages in accordance with *Dole v Dow Chem. Co.* (30 NY2d 143). The findings of fact as to liability in the main action are affirmed. Order affirmed, without costs or disbursements, on the opinion of Mr. Justice LIPETZ at Special Term. Plaintiff brought this action to recover for property damages sustained by reason of the alleged faulty installation of a roof on its industrial plant by defendant Suffolk, using materials manufactured and supplied by Carey. Plaintiff sought damages against Suffolk for breach of a contract to install a roof of good workmanship and for breach of two-year and five-year guarantees of material and workmanship. Plaintiff sought damages against Carey for breach of express warranty and of implied warranties that its materials were fit and sufficient to prevent leaks. In its cross claim, Suffolk alleged that the damage was caused solely by the defective materials supplied by Carey. After a lengthy nonjury trial, Special Term made extensive findings, all supported in the record, and held on the basis thereof that both defendants had contributed to the leaks in the roof and the resulting damage. In its amended complaint, plaintiff requested judgment against both defendants in the amount of $150,000. (A bond claim asserted against Carey was dismissed after trial.) No motion to increase the *ad damnum* clause was made during the course of the trial. Since the general rule in this State is that a party may not

recover a money judgment in a sum greater than that requested in his prayer for relief (see, e.g., *Michalowski v Ey,* 7 NY2d 71, 75–76), the maximum amount which plaintiff could have recovered was the $150,000 prayed for in the *ad damnum* clause of its complaint (see *Silbert v Silbert,* 22 AD2d 893, affd 16 NY2d 564; *Garden Hill Estates v Bernstein,* 24 AD2d 512, affd 17 NY2d 525). Accordingly, the trial court erred in awarding plaintiff damages in an amount greater than that demanded (see *Naujokas v H. Frank Carey High School,* 33 AD2d 703). However, we are of the opinion that, on the record before us, plaintiff was entitled to recover damages in an amount at least equal to that prayed for. While Trial Term did not specifically discuss or determine the cross claim of Suffolk in either its memorandum decision in favor of plaintiff, or in the judgment entered thereon, it is clear, in view of its findings that both defendants had caused the damage, that it had necessarily determined the cross claim adversely to Suffolk. Special Term so noted in its opinion on defendants' motions for a new trial. However, in view of the fact that the rule of apportionment of damages, enunciated in *Dole v Dow Chem. Co.* (30 NY2d 143), was in effect at the time of the trial herein, and in view of the fact that CPLR 1401, which was amended effective September 1, 1974, now provides for contribution between "two or more persons who are subject to liability for damages for the same * * * injury" based on relative culpability rather than for pro rata apportionment, the cross claim of Suffolk against Carey has been severed from the main action, and remanded to the trial court for an apportionment of damages between defendants Suffolk and Carey and for the entry of an amended judgment (see *Kelly v Long Is. Light. Co.,* 31 NY2d 25). Latham, Acting P. J., Cohalan, Damiani and Titone, JJ., concur.