█ PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Respondent, v JOHN P. McGRATH et al., Individually and Doing Business as NEW YORK PLAZA COMPANY, Defendants, and ZWICKER ELECTRICAL CO., INC., et al., Appellants.—Order, Supreme Court, New York County, entered September 28, 1976, directing, *inter alia,* a joint trial of the main action and the declaratory judgment action, insofar as appealed from, unanimously reversed, on the law, and the second ordering paragraph stricken. Order, Supreme Court, New York County, entered August 20, 1976, denying a motion for renewal, unanimously reversed, on the law, and the motion granted, with one bill of $40 costs and disbursements of these appeals to appellants. This appeal involves two separate actions. The main action was brought by individuals who were injured in a fire which occurred during the construction of a building known as One New York Plaza, located in Manhattan. Two of the named defendants in that action, Zwicker Electrical Co., Inc., and George A. Fuller Co., Inc., were insured by the same insurance carrier, Public Service

Mutual Insurance Company, which disclaimed coverage. Public Service instituted a declaratory judgment action to determine its responsibility regarding these two corporations. Application was made at Special Term to have these two actions tried jointly. The motion was denied by Justice Gellinoff in an order entered March 4, 1975. No appeal was taken from that determination. In an order dated May 1, 1975 and entered May 13, 1975, the action was stricken from the Trial Calendar and further discovery was directed. In March, 1976, the plaintiff moved to restore the action to the Trial Calendar, though discovery had not yet been completed, in order to prevent the action being dismissed (CPLR 3404). Justice Gomez granted the relief requested and then added the further direction that the main action sounding in negligence be tried jointly with the declaratory judgment action. The defendants Zwicker and Fuller moved to reargue and renew before Justice Gomez and, in the renewed motion, focused on the prior order of Justice Gellinoff which had denied the application for a joint trial. The motion for renewal was denied. We would reverse. The orders of Justice Gomez overruled the prior order of Justice Gellinoff. This is in violation of the principle that, in the interest of the orderly administration of justice, one Judge should not modify or overrule the determination of a fellow Judge of co-ordinate jurisdiction (CPLR 2221; *Kamp v Kamp,* 59 NY 212; *Mount Sinai Hosp. v Davis,* 8 AD2d 361). Concur—Birns, J. P., Capozzoli, Lane and Nunez, JJ.