ROCKET OIL AND GAS COMPANY, a limited partnership, Plaintiff,

v.

ARKANSAS LOUISIANA GAS COMPANY, a corporation, Defendant.

No. CIV-77-0493-D.

United States District Court,
W. D. Oklahoma.

July 20, 1977.

James M. Peters, Oklahoma City, Okl., for plaintiff.

William D. Curlee, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This is an action originally brought in the District Court of Oklahoma County, Oklahoma, and subsequently removed to this Court by Defendant pursuant to 28. U.S.C. § 1441 wherein Plaintiff seeks recovery of its share of the value of gas produced and delivered to Defendant by the operator of a gas well in Coal County, Oklahoma, in which Plaintiff is a participating mineral owner under a pooling order of the Oklahoma Corporation Commission. It is asserted that this Court has subject matter jurisdiction of this action by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.

Plaintiff has filed herein a Motion to Remand this case to the Oklahoma County District Court. Said Motion is supported by a Brief and Defendant has filed a Brief in opposition to said Motion.

In support of its Motion, Plaintiff contends that the amount in controversy in this action is less than $10,000 as Plaintiff's Petition prays for judgment against Defendant in the amount of $9,858.13 with costs. Defendant asserts that the amount in controversy herein exceeds $10,000 when the value of the gas alleged to have been taken by Defendant is computed as of April 29, 1977, the day before Plaintiff filed this action in Oklahoma County District Court, rather than using March 31, 1977, the date relied upon by Plaintiff in arriving at the damage figure in the Petition.

Ordinarily, the amount in controversy is to be determined by the allegations of the Complaint, or, where they are not dispositive, the allegations in the petition for removal. *Lonnquist v. J. C. Penney Co.*, 421 F.2d 597 (Tenth Cir. 1970); *Davenport v. Proctor & Gamble Manufacturing Co.*,

241 F.2d 511 (Second Cir. 1957). An action in which the Complaint seeks less than the federal jurisdictional amount is not removable even if the pleadings clearly allege a greater injury. *Brady v. Indemnity Insurance Co.,* 68 F.2d 302 (Sixth Cir. 1933); *Sponholz v. Stanislaus,* 410 F.Supp. 286 (S.D.N.Y.1976); *Erwin v. Allied Van Lines, Inc.,* 239 F.Supp. 144 (W.D.Ark.1965); *see Peacock v. American Insurance Co.,* 253 F.Supp. 624 (N.D.Fla.1966); *Alabama ex rel. Flowers v. Robinson,* 220 F.Supp. 293 (N.D.Ala.1963); Wright and Miller, *Federal Practice and Procedure :* Civil § 3702 at 375 and § 3725. Likewise, it has been held that the jurisdictional amount is that amount which is claimed by the Plaintiff in his Complaint and not that which is alleged in the Defendant's petition for removal. *Bonnell v. Seaboard Air Line Railroad Co.,* 202 F.Supp. 53 (N.D.Fla.1962); *see Gaitor v. Peninsular & Occidental Steamship Co.,* 287 F.2d 252 (Fifth Cir. 1961). This view is supported by the language of the Supreme Court in *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), wherein the Court stated:

> "The claim [i. e. the Complaint at the time of removal], whether well or ill founded in fact, fixes the right of the defendant to remove, and the plaintiff ought not to be able to defeat that right and bring the cause back to the state court at his election. If he does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."

In the instant case, Plaintiff prays for damages in the amount of $9,858.13 in its Petition so that the Court need not resort to the allegations of Defendant's petition for removal to determine the amount in controversy herein. Accordingly, the Court finds and concludes that this case does not satisfy the $10,000 jurisdictional amount requirement of 28 U.S.C. § 1332 and therefore, Plaintiff's Motion to Remand should be granted and this action remanded to the District Court of Oklahoma County.

The Clerk will effect the ordered remand without delay.

It is so ordered this 20 day of July, 1977.