■ Carlos Echevarria, an Infant, by His Mother and Natural Guardian, Esther Echevarria, et al., Respondents, v Harold Harrison, Appellant.—Order, Supreme Court, Bronx County, entered October 8, 1976, granting plaintiffs' motion for leave to serve an amended complaint with an increased *ad damnum* clause and to transfer this action to the Supreme

Court, unanimously reversed, on the law, without costs and without disbursements, and the motion denied. In two orders entered on January 5, 1972 and April 24, 1972, respectively, Justice Donald Sullivan denied plaintiffs' original motion and reargued motion for leave to serve an amended complaint with an increased *ad damnum* clause and to transfer this action to the Supreme Court. Although the plaintiffs appealed from both of Justice Sullivan's orders, we dismissed those appeals for failure of prosecution in an order entered January 24, 1974. On a *de novo* motion brought in 1976, the court at Special Term granted plaintiffs' motion for the same relief that theretofore had been denied. With certain exceptions not here relevant, a Judge should not generally pass upon or review a matter already passed upon or reviewed by another Judge of equal authority or coordinate jurisdiction *(Rosemont Enterprises v Irving,* 49 AD2d 445, 448, app dsmd 41 NY2d 829; *Public Serv. Mut. Ins. Co. v McGrath,* 56 AD2d 812). Hence, it was improper for the court at Special Term to grant the same relief which Justice Sullivan had previously denied. Furthermore, our dismissal of plaintiffs' prior appeals for want of prosecution acted as a bar to any subsequent appeal as to all questions presented on those earlier appeals *(Bray v Cox,* 38 NY2d 350, 353). Thus, even greater reason was presented at Special Term for the outright denial of the subject motion. Even if the motion had been properly considered on the merits, there was no valid basis for granting it. The plaintiffs have failed to submit a medical affidavit justifying an increase in the *ad damnum* clause *(Gerald v 331 Madison Ave. Corp.,* 20 AD2d 776). Likewise, they have not advanced an acceptable excuse for their inordinate delay in moving to amend the 1969 complaint in this proceeding. *(Pugh v Hoffman,* 51 AD2d 950.)* Concur—Murphy, P. J., Birns, Capozzoli and Markewich, JJ.