■ PIGOTT CONSTRUCTION INTERNATIONAL, LTD., Respondent, v CONTRAC-

TORS ORNAMENTAL STEEL CO., INC., Appellant.—Order reversed, without costs, and motion denied. Memorandum: Plaintiff, general contractor on a sewer project, engaged defendant as a subcontractor. The contract between plaintiff and defendant obligated defendant to indemnify plaintiff for losses ensuing from certain types of liability. On January 16, 1975 one of defendant's employees was injured while working on the project. He sued plaintiff, who impleaded defendant on the indemnity provision in the parties' contract. Plaintiff also brought a separate action seeking a judgment declaring that defendant was required by the terms of the contract to defend the personal injury suit and to indemnify plaintiff against any liability resulting therefrom. Plaintiff moved for summary judgment on the declaratory judgment action, but its motion was denied by order dated August 8, 1977. Plaintiff appealed the denial of summary judgment, but this court dismissed the appeal for lack of prosecution. On November 21, 1978 the personal injury action was settled for $53,000, of which plaintiff and defendant each paid half. Plaintiff's third-party action against defendant was then severed and continued, plaintiff seeking indemnity for its portion of the settlement to the injured employee. Special Term, on May 14, 1979, ordered summary judgment in favor of plaintiff and defendant appeals. The issue decided upon motion for summary judgment in the declaratory judgment action was the same as that presented in this action for indemnification. Under these circumstances, collateral estoppel applies (*Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65; *Augustine v Village of Interlaken,* 68 AD2d 705). The effect of the estoppel is to bar plaintiff from obtaining summary judgment in the personal injury action upon the same set of facts as was presented to the court in the declaratory judgment action, and Special Term erred in holding otherwise (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:21, p 440; cf. *Mobil Oil Corp. v Town of Huntington,* 85 Misc 2d 800). Additionally, although an appeal was taken from the order of August 8, 1977, it was dismissed by this court on November 27, 1978 for failure to prosecute. The dismissal bars consideration of the issue that could have been decided on the prior appeal had it been timely argued or submitted (*Bray v Cox,* 38 NY2d 350; *Goff v Princeton Ski Bowl,* 70 AD2d 739; *Echevarria v Harrison,* 59 AD2d 665). All concur, except Hancock, Jr., J., who dissents and votes to affirm the order in the following memorandum.

Hancock, Jr., J. (dissenting). I cannot agree with the majority that the denial of the summary judgment motion by Special Term in the declaratory judgment action precludes the granting of the motion on appeal even though concededly no triable issues are presented. There was no finding or determination on the merits of any issue in the declaratory judgment action which could give rise to the application of the doctrine of issue preclusion or collateral estoppel (see *Malloy v Trombley,* 50 NY2d 46; *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65). A denial of a motion for summary judgment at Special Term is not a finding on any issue in the litigation but only a legal determination that factual issues are presented which require a trial and a denial of the motion. (CPLR 3212, subd [b]; see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:21, p 440.) As an appellate court, we are not precluded from reaching a determination contrary to that of the court of original jurisdiction in the declaratory judgment action and from concluding that there is no triable issue of fact (see *Swan v Sit'N Chat Rest.,* 43 AD2d 949; see, also, *Burgundy Basin Inn v Watkins Glenn Grand Prix Corp.,* 51 AD2d 140, 143), and granting the motion (see CPLR 5522; *Glidden v Metropolitan Life Ins.*

*Co.,* 41 AD2d 621). *Mobil Oil Corp. v Town of Huntington* (85 Misc 2d 800), relied on by the majority, is inapposite since it entails a second motion for summary judgment in the same action before a court of co-ordinate jurisdiction. The indemnity clause in question is unambiguous and clearly imposes on defendant the obligation to indemnify plaintiff for the loss (see *Margolin v New York Life Ins. Co.,* 32 NY2d 149, 153; *Levine v Shell Oil Co.,* 28 NY2d 205, 211-212). A trial here would, in my opinion, be a pointless formality. (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.