■ WILLIAM KRENCIK et al., Appellants, v TOWNE RED HOTS, INC., et al., Respondents, et al., Defendant, et al., Third-Party Plaintiff. WALT'S TREE SERVICE, INC., Third-Party Defendant-Respondent. (Appeal No. 1.) [639 NYS2d 770]

Memorandum: While operating a high lift bucket loader to pull down the roof of a two-story frame building under demolition, William Krencik (plaintiff) was injured when a piece of wood struck him in the head. The jury returned a verdict of no cause of action on the Labor Law § 241 (6) cause

of action and awarded damages in the sum of $200,000 on the Labor Law § 240 (1) cause of action against Towne Red Hots, Inc. (Towne), the owner of the building.

Supreme Court properly denied plaintiffs' post-trial cross motion to set aside the verdict on the Labor Law § 241 (6) cause of action as contrary to the weight of the evidence. However, the Trial Judge should not have granted Towne's motion to set aside the verdict on the Labor Law § 240 (1) cause of action. By granting that relief, the court improperly overruled the prior order of a Judge of coordinate jurisdiction (Mintz, J.) that granted partial summary judgment to plaintiffs (*see, Public Serv. Mut. Ins. Co. v McGrath*, 56 AD2d 812, 813). We, nevertheless, affirm the order on appeal insofar as it grants judgment dismissing the Labor Law § 240 (1) cause of action against Towne (*see, Krencik v Towne Red Hots*, 171 AD2d 1033).

Plaintiffs contend that the court erred in striking their supplemental bill of particulars dated April 8, 1994, thereby precluding evidence concerning additional medical injuries and damages and new allegations that defendants violated additional sections of the Industrial Code. We are unable to review that contention because the record contains neither an order nor papers submitted by either party on such a motion. We conclude that plaintiffs' remaining contentions lack merit.

All concur except Green, J., who dissents in part and votes to modify in the following Memorandum.

Green, J. (dissenting in part). It was error for Supreme Court to deny plaintiffs' motion to set aside the verdict of no cause of action with respect to Labor Law § 241 (6). The verdict is against the weight of the evidence. Any fair interpretation of the evidence compels the conclusion that defendants Towne Red Hots, Inc., and New Era Construction, Co., Inc., violated Labor Law § 241 (6) because they were negligent in failing to provide plaintiff William Krencik with adequate protection from overhead hazards during the demolition of the building (*see,* 12 NYCRR 23-9.5 [b]). Therefore, plaintiffs are entitled to a new trial on the Labor Law § 241 (6) cause of action. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Labor Law.) Present—Denman, P. J., Green, Wesley, Balio and Davis, JJ.