Hadassah Middleton, Respondent,
against
Winifred Nnakwe, Appellant.




Winifred Nnakwe, appellant pro se.
Hadassah Middleton, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Suffolk County, Fifth District (Vincent J. Martorana, J.), entered March 13, 2018. The judgment, insofar as appealed from as limited by the brief, after a nonjury trial, awarded plaintiff the principal sum of $845.




ORDERED that the judgment, insofar as appealed from, is reversed, without costs, and the matter is remitted to the District Court for the entry of an amended judgment dismissing the action.
Plaintiff commenced this small claims action to recover the principal sum of $950, and defendant interposed a counterclaim to recover the principal sum of $2,375. At a nonjury trial, it was established that plaintiff had paid defendant $950 as part of plaintiff's application to rent an apartment from defendant. The application agreement that the parties signed provided that if plaintiff were approved for the apartment, the $950 would be applied toward the required two-month security deposit; if plaintiff were not approved, the funds would be returned and, in any other event, the $950 was nonrefundable. Plaintiff also tendered a check in the sum of $845 toward her first month's rent of $950. Although plaintiff's application was approved, plaintiff did not complete making the deposits required by the agreement and did not move into the [*2]apartment. Plaintiff brought this action to recover her $950 security deposit but did not seek the return of the $845 she had tendered toward the rent.[FN1]
After a nonjury trial, the District Court dismissed plaintiff's claim for $950, finding that the application agreement permitted defendant to retain the security deposit, but awarded plaintiff the principal sum of $845 and dismissed defendant's counterclaim. As limited by her brief, defendant appeals from so much of the judgment as awarded plaintiff the principal sum of $845.

In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).

Upon a review of the record, we find that the judgment did not provide the parties with substantial justice according to the rules and principles of substantive law (see UDCA 1804, 1807), as plaintiff's cause of action sought only the $950 she had paid on account of the security deposit and never sought to recover $845 based on any alleged rent payment. In view of the foregoing, we find that the court improperly awarded plaintiff the sum of $845 (see Garden Hill Estates v Bernstein, 24 AD2d 512, 513 [1965], affd 17 NY2d 525 [1966]; Silbert v Silbert, 22 AD2d 893, 894 [1964], affd 16 NY2d 564 [1965]).

We note that this court will not consider any evidence which is dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]).

Accordingly, the judgment, insofar as appealed from, is reversed and the matter is remitted to the District Court for the entry of an amended judgment dismissing the action.

GARGUILO, J.P., TOLBERT and EMERSON, JJ., concur.



ENTER:

Paul Kenny

Chief Clerk

Decision Date: May 23, 2019



Footnotes

Footnote 1:Although the record is not entirely clear, it appears that defendant never cashed the $845 check.